Argued and submitted September 6, peremptory writ to issue September 21, 1995

State ex rel Theodore LIEBOVICH
and Liebovich & Weber, P.C.,
*Plaintiffs-Relators,*

*v.*

The Honorable Stephen N. TIKTIN
and the Honorable Thomas C. Howes,
*Defendants,*

*and*

Frances M. ROBERTSON,
*Intervenor.*

(CC 94CV-0209AB; SC S41721)

902 P2d 91

Janet M. Schroer, of Hoffman, Hart & Wagner, Portland, argued the cause and filed the briefs for plaintiffs-relators. With her on the reply brief was Gordon J. Evans, Portland.

Mary A. Schnabel-Bray, of Harrang Long Gary Rudnick P.C., Salem, argued the cause and filed the brief for defendants and intervenor. With her on the brief was James E. Mountain, Jr.

PER CURIAM

## PER CURIAM

This original mandamus proceeding arises out of an action for legal negligence that was brought in Oregon by an Oregon resident against an Illinois lawyer. The negligence is alleged to have occurred in connection with legal work being performed by the Illinois lawyer in Illinois. That lawyer is not licensed to practice in Oregon and did not in any way advertise for business in Oregon. The Illinois lawyer appeared specially in the Oregon action and moved to dismiss the case for lack of personal jurisdiction. One of the defendant trial judges denied that motion. The present proceeding followed.

A complete exposition of the facts would not benefit the bench or bar. It is sufficient to state that the case simply is one in which an out-of-state lawyer was retained by an Oregon resident to perform legal services out-of-state. The Oregon resident asserts that the case nonetheless involves sufficient minimum contacts to permit Oregon to exercise jurisdiction, ORCP 4 L, because the Illinois lawyer communicated with his Oregon client several times during a two-year period, billed the client for his services, and asked the client to compile and forward to him a large volume of the client's records and documents, which were in Oregon, relating to the Illinois case. We disagree that such facts suffice to supply minimum contacts.

Settled principles of law establish that Oregon lacks those minimum contacts necessary to permit it to exercise personal jurisdiction in the underlying case. *See Sutherland v. Brennan*, 321 Or 520, 901 P2d 240 (1995) (discussing and applying law to reach the same result in an analogous factual context). The trial court's contrary conclusion was error. A peremptory writ shall issue, directing the defendant trial judge to dismiss the case.

Peremptory writ to issue.