**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RODNEY D. ENGLERT,
            *Plaintiff-Appellee,*

v.

HERBERT LEON MACDONELL, TERRY
L. LABER, and PETER R. DEFOREST,
            *Defendants,*

and

BARTON P. EPSTEIN, STUART H.
JAMES, and PATRICIA LOUGH,
            *Defendants-Appellants.*

No. 06-35465

D.C. No.
CV-05-01863-ALA

RODNEY D. ENGLERT,
            *Plaintiff-Appellee,*

v.

HERBERT LEON MACDONELL,
            *Defendant-Appellant,*

and

TERRY LABER, BARTON P. EPSTEIN,
PETER R. DEFOREST, STUART H.
JAMES, and PATRICIA LOUGH,
            *Defendants.*

No. 06-35531

D.C. No.
CV-05-01863-ALA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted
May 8, 2008—Portland, Oregon

93

Filed January 7, 2009

Before: Richard C. Tallman and Richard R. Clifton,
Circuit Judges, and Edward R. Korman,* District Judge.

Opinion by Judge Korman

---

*The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

**COUNSEL**

Eric J. Neiman, Heather J. Van Meter, Williams, Kastner & Gibbs P.L.L.C., Portland, Oregon, for Appellant Herbert Leon MacDonell.

Charles F. Hinkle, Stoel Rives LLP, Portland, Oregon, for Appellants Barton P. Epstein, Stuart H. James, and Patricia Lough.

Robert K. Udziela, Beaverton, Oregon; Victor Calzaretta, Portland, Oregon, for Appellee Rodney D. Englert.

---

**OPINION**

KORMAN, District Judge:

Oregon has enacted a law of a kind popularly known as a "SLAPP" or an "anti-SLAPP" statute. Or. Rev. Stat. § 31.150, *et seq.* (2001). The acronym SLAPP stands for "strategic lawsuit against public participation." The statute creates a procedural defense to civil actions that can dismiss a case without prejudice at the pleading stage, based on an apparent weighing and balancing of the likelihood of success on the merits at trial. *See Staten v. Steel*, 191 P.3d 778, 788 (Or. Ct. App. 2008). The defendants in the present case appeal from an order of the United States District Court for the District of Oregon (Aiken, J.), which declined to dismiss at the pleading stage the defamation complaint filed by the plaintiff.

The complaint alleged that the six named defendants, all forensic scientists in blood pattern analysis, had falsely denigrated plaintiff's qualifications in that speciality. *See Englert v. MacDonell*, No. 05-cv-1863, 2006 WL 1310498, at *1-3 (D. Or. May 10, 2006). The defendants, who were not citizens of Oregon, collectively removed this case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1441. *Id.* at *1. They then filed special motions to strike pursuant to Or. Rev. Stat. § 31.150. *Id.* On May 10, 2006, the district court granted the motions of two of the six defendants, Peter R. DeForest and Terry L. Laber, and denied in part the special motions by the remaining four defendants, Herbert

Leon MacDonell, Barton P. Epstein, Stuart H. James, and Patricia Lough. *Id.* at *11-12. The latter four defendants then filed notices of appeal.

The threshold issue is whether we have jurisdiction to entertain their appeal. An analysis of the Oregon anti-SLAPP statute provides a helpful backdrop to our discussion of this issue. The acronym "SLAPP" does not appear in the Oregon statute. Instead, the provisions of the statute appear under the caption, "Special motion to strike; availability; burden of proof." Or. Rev. Stat. § 31.150. The statute, which was modeled after, although not a mirror image of, a similar California statute, *see* Oregon House Committee on the Judiciary, HB 2460, OR B. Summ., 2001 Reg. Sess. H.B. 2460 (West Apr. 16, 2001), provides for a special motion to strike any claim in a civil action that arises out of

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Or. Rev. Stat. § 31.150(2).

A defendant making a special motion to strike has the initial burden of making "a prima facie showing" that the claim against which the motion is made arises out of the conduct described in the foregoing paragraph. Or. Rev. Stat. § 31.150(3). Once he satisfies this burden, the burden then shifts to the plaintiff "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Id.*

The filing of the special motion to strike also automatically stays all discovery until it is decided, although the court may for good cause shown permit discovery, Or. Rev. Stat. § 31.152(2), and the statute provides that a defendant who prevails on a special motion to strike shall "be awarded reasonable attorney['s] fees and costs." Or. Rev. Stat. § 31.152(3). Consistent with provisions for a stay of discovery, Or. Rev. Stat. § 31.150(4) provides that a motion to strike shall be resolved on the "pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

The Oregon anti-SLAPP statute does not alter the substantive law of defamation, Or. Rev. Stat. § 31.155(2), nor does it alter the burden of proof that a plaintiff would have to meet if the case proceeded to trial. Or. Rev. Stat. § 31.150(5)(b). Instead, it is a procedural mechanism to permit a defendant to avoid trial, and pretrial discovery, until a judge determines that there is "a probability that the plaintiff will prevail." Or. Rev. Stat. § 31.150(3). In this respect it serves the same purpose as a motion for summary judgment, although it imposes a "potentially much heavier [burden on a plaintiff] than merely establishing the existence of a disputed issue of fact." *Staten*, 191 P.3d at 788.

Notwithstanding this difference, for the purpose of resolving the jurisdictional issue, we see no meaningful difference

between the two. Thus, we treat this appeal from the order of the district court denying the special motion to strike in the same way we would the denial of a motion for summary judgment, and we dismiss it because we are without jurisdiction to consider it. We leave for another day the issue whether the "much heavier burden," which Oregon's anti-SLAPP statute places on a plaintiff to avoid a pre-trial dismissal of his complaint, creates the kind of "direct collision" with Fed. R. Civ. P. 56(c) that would preclude its application here. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001) (holding that a provision of the California anti-SLAPP statute, comparable to that of Or. Rev. Stat. § 31.152(2), making the availability of discovery discretionary, is inconsistent with Fed. R. Civ. P. 56(f)).

## *Discussion*

**[1]** "The historic policy of the federal courts has been that appeal will lie only from a final decision." Charles Alan Wright & Mary Kay Kane, Federal Practice & Procedure: Federal Practice Deskbook § 108 (2008). This policy, first declared in the Judiciary Act of 1789, 1 Stat. 73, 84 §§ 21, 22, 25, is now codified in 28 U.S.C. § 1291, pursuant to which this appeal is taken, and which specifically confers jurisdiction on the courts of appeals "from all final decisions of the district courts of the United States." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *accord Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999); *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989). This rule serves several salutary purposes.

> It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piece-

meal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. The rule also serves the important purpose of promoting efficient judicial administration.

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (internal citations and quotation marks omitted); *see also Cunningham*, 527 U.S. at 203-04.

**[2]** The order here denying the appellants' special motion to strike is not a final decision. On the contrary, rather than ending the litigation on the merits, it permits the litigation to proceed in the ordinary manner to a final judgment. Nor did the appellants obtain authorization pursuant to 28 U.S.C. § 1292(b), which would have conferred on us the discretion to hear the appeal, by convincing the district judge to certify that the order denying the motion to strike "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see, e.g.*, *Keogh v. Pearson*, 244 F. Supp. 482, 486 (D.D.C. 1965), *rev'd sub nom. Wash. Post Co. v. Keogh*, 365 F.2d 965 (D.C. Cir. 1966) (granting such a certification in a defamation action, permitting the D.C. Circuit to entertain jurisdiction over the ensuing appeal).

**[3]** The appellants, however, argue that this case comes within the collateral order doctrine, identified by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The doctrine, which is not so much an exception to

the "final decision" rule in § 1291 as it is a practical construction of it, applies to a "small class" of decisions, "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546.

Since the holding in *Cohen*, the Supreme Court has repeatedly stressed that these criteria should not be construed in a way that would "swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). Indeed, it has not "mentioned applying the collateral order doctrine recently without emphasizing its modest scope." *Will v. Hallock*, 546 U.S. 345, 350 (2006). Moreover, it has "described the conditions for collateral order appeal as stringent." *Digital Equip. Corp.*, 511 U.S. at 868. The order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).

**[4]** We need not address each of these conditions separately because we are not persuaded that, without an interlocutory appeal, the issues appellants raise would be "effectively unreviewable on appeal from a final judgment." This conclusion "in itself suffice[s] to foreclose immediate appeal under § 1291." *Digital Equip. Corp.,* 511 U.S. at 868-69; *see also Will*, 546 U.S. at 349-55 (holding that jurisdiction was lacking based on the third component of the *Cohen* test, without discussing the first two components).

**[5]** Briefly, the four appellants argued below that the defamatory statements attributed to them constituted protected

speech, because they were made "in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest." Or. Rev. Stat. § 31.150(2)(d). The district court rejected this argument as to certain causes of action because the defamatory statements fell "outside of any public interest." *Englert*, 2006 WL 1310498, at \*10. Moreover, even if these statements related to issues of public interest, the defendants had abused the conditional common law privilege that attached to them. On this basis, the court entered the order from which the appeal is taken.

**[6]** If the appeal is dismissed and the case proceeds to a final judgment against them, the appellants could obtain review of the district court's finding that their defamatory speech did "fall outside any public interest" under Or. Rev. Stat. § 31.150. They could also argue that plaintiff had not come forward with sufficient evidence to establish that they had abused the privilege. Of course, the latter issue would be reviewed on the basis of the trial record, rather than the evidence adduced on the motion to strike. *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1358-59 (9th Cir. 1987). This difference does not effectively render unreviewable the decision that the plaintiff has come forward with sufficient evidence to submit the case to a jury. A plaintiff, defending against a special motion to strike, would generally have every reason to come forward with all of the available evidence to defeat the motion. Indeed, a plaintiff would have a particularly significant incentive to do so in an anti-SLAPP case in which he would be subject to an award of counsel fees and costs if he failed to defeat the motion. Or. Rev. Stat. § 31.152(3); *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999). Under these circumstances, there would be little difference between a review of the sufficiency of the evidence offered at trial and a similar review of the sufficiency of the evidence offered in opposition to a special motion to strike.

**[7]** The appellants, however, argue that Or. Rev. Stat. § 31.150 confers upon them the right to avoid the burdensome cost of defending a case — a right, which they argue, will be lost irretrievably if they cannot appeal from the order denying the special motion to strike, even if they ultimately prevailed on an appeal from a final judgment. This by itself is insufficient to justify an interlocutory appeal. As we explained earlier, Or. Rev. Stat. § 31.150 is comparable to a motion for summary judgment in a defamation action. Denials of such motions are not generally appealable under the collateral order doctrine, *Digital Equip. Corp.*, 511 U.S. at 873, even though one of their purposes is to save the parties the burden and expense of a trial in a case where it would be a useless formality. *See Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135-36 (9th Cir. 1975).

*Will v. Hallock*, 546 U.S. 345 (2006), which was decided after this court's decision in *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), is particularly instructive because it significantly clarified the standard for determining whether the third prong of the collateral order test has been satisfied. The district court there denied a motion for judgment on the pleadings, which was grounded on the argument that the dismissal of a previously filed Federal Tort Claims Act ("FTCA") action against the United States barred a subsequent *Bivens* action against the individual defendants. *Will*, 546 U.S. at 348-49. The defendants argued that the judgment bar of the FTCA, which provides that "the judgment in an action under § 1346(b) [of the FTCA] constitute[s] a complete bar to any action . . . against the employee of the government whose act or omission gave rise to the claim," applied. *Id.* at 348.

The Supreme Court held that the order denying the motion for judgment on the pleadings did not warrant an "immediate appeal of right as a collateral order." *Id.* at 355. Instead, it again made clear that the "mere avoidance of a trial" was insufficient to invoke the collateral order doctrine. *Id.* at 353. Only the "avoidance of a trial that would imperil a substantial

public interest" would suffice. *Id.* (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Reviewing the cases in which the third prong of the collateral order test was deemed satisfied, it found that the commonality between the cases was the marshaling of "some particular value of a high order . . . in support of the interest in avoiding trial," such as "honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, [or] mitigating the government's advantage over the individual." *Id.* at 350, 352-53. While the judgment bar of the FTCA would have saved the defendants the burden and expense of trial, the purpose of the bar was "the avoidance of litigation for its own sake," rather than the conference of such immunity to advance "a particular value of a high order." *Id.* at 353-54.

**[8]** We conclude that the Oregon anti-SLAPP statute fails the *Will* test at the threshold because it was not intended to provide a right not to be tried, as distinguished from a right to have the legal sufficiency of the evidence underlying the complaint reviewed by a *nisi prius* judge before a defendant is required to undergo the burden and expense of a trial. Our conclusion, which is consistent with the admonition that "claims of a 'right not to be tried' [be viewed] with skepticism, if not a jaundiced eye," *Digital Equip. Corp.*, 511 U.S. at 873, is based on the failure of the Oregon anti-SLAPP statute to provide for an appeal from an order denying a special motion to strike. This surely suggests that Oregon does not view such a remedy as necessary to protect the considerations underlying its anti-SLAPP statute. It would simply be anomalous to permit an appeal from an order denying a motion to strike when Oregon was satisfied that the values underlying the remedy could be sufficiently protected by a trial judge's initial review of the motion, followed by appellate review only after a final judgment in favor of the plaintiff.

This distinguishes the present case from *Batzel*, which held that an order denying a special motion to strike under the Cal-

ifornia anti-SLAPP statute came within the collateral order doctrine. We found it "instructive" in reaching this conclusion "that California's anti-SLAPP statute provides that an order denying an anti-SLAPP motion may be appealed immediately." *Batzel*, 333 F.3d at 1025; *see* Cal. Civ. Proc. Code § 425.16(i) (2008). Specifically, we relied upon the following statement by the California Senate Judiciary Committee explaining the reasons for permitting an immediate appeal:

> Without [the right of immediate appeal], a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated. . . . [W]hen a meritorious anti-SLAPP motion is denied, the defendant, under current law, has only two options. The first is to file a writ of appeal, which is discretionary and rarely granted. The second is to defend the lawsuit. If the defendant wins, the anti-SLAPP law is useless and has failed to protect the defendant's constitutional rights.

*Batzel*, 333 F.3d at 1025 (quoting Cal. Sen. Judiciary Comm. Rep. on AB 1675, at 4). Indeed, it was precisely because of the provision authorizing an interlocutory appeal from an order denying a special motion to strike that we concluded that "California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, [and that] this Court, sitting in diversity, will do so as well." *Id*. at 1025-26.

The failure of the Oregon Legislature to provide for an appeal from the denial of a special motion to strike provides compelling evidence that, unlike their California counterparts, Oregon lawmakers did not want "to protect speakers from the trial itself," *id.* at 1025, as much as they wanted to have in place a process by which a *nisi prius* judge would promptly review the evidence underlying the defamation complaint to determine whether it had sufficient merit to go forward.

The appellants, however, argue that the absence of a specific provision in Or. Rev. Stat. § 31.150 comparable to that in the California anti-SLAPP statute would not preclude appellate review of the denial of the special motion to strike in Oregon. Specifically citing a handful of cases in which the Supreme Court of Oregon has entertained petitions for a writ of mandamus seeking review of orders denying motions to dismiss based on lack of *in personam* jurisdiction, *State ex rel. Liebovich v. Tiktin*, 902 P.2d 91 (Or. 1995); *State ex rel. Circus Circus Reno, Inc. v. Pope*, 854 P.2d 461 (Or. 1993); *State ex rel. Jones v. Crookham*, 681 P.2d 103 (Or. 1984); *State ex rel. La Manufacture Francaise des Pneumatiques Michelin v. Wells*, 657 P.2d 207 (Or. 1982); *see also Wong v. Wong*, 894 P.2d 519 (Or. Ct. App. 1995), they suggest that similar review would be available to test a denial of a special motion to strike. This argument reflects a fundamental misunderstanding of the nature of the writ of mandamus.

**[9]** The Supreme Court of Oregon has held that "[m]andamus, an extraordinary remedy, is a discretionary writ and not a writ of right." *N. Pac. S.S. Co. v. Guarisco*, 647 P.2d 920, 924 n.3 (Or. 1982) (holding on direct appeal that the trial court improperly exercised jurisdiction over defendants, despite having previously denied defendants' petition for a writ of mandamus on the issue). The most that can be drawn from the handful of cases, on which the appellants rely, is that in some cases review of orders denying motions to dismiss because of lack of jurisdiction may be available as a matter of discretion. Indeed, they appear to constitute a *sui generis* exception, recognized as such by the Supreme Court of Oregon, to the rule that "the prospect of suffering the burden of litigation [is not] a sufficient injury in itself to justify mandamus." *State ex rel. Auto. Emporium, Inc. v. Murchison*, 611 P.2d 1169, 1171 & n.5 (Or. 1980).

**[10]** We need not belabor this issue, however, because the availability of such discretionary review in Oregon state court, as opposed to an appeal as a matter of right, provides

no support for appellants' argument that Or. Rev. Stat. § 31.150 was intended to provide a right not to be tried. Indeed, the California Legislature included a provision in its anti-SLAPP statute providing for an interlocutory appeal, because it regarded discretionary review as inadequate to protect the defendant from "the cost of a lawsuit before having his or her right to free speech vindicated." *Batzel*, 333 F.3d at 1025 (quoting Cal. Sen. Judiciary Comm. Rep. on AB 1675, at 4).

**[11]** We emphasize that our brief discussion of the availability of mandamus in Oregon is not intended to suggest that Oregon law determines the availability of appellate review here. On the contrary, federal law is controlling on this issue. Nor did *Batzel* suggest otherwise. *Batzel* did not hold that an order denying a special motion to strike was appealable under the collateral order doctrine merely because California authorized an appeal as a matter of right. Instead, it held that, if a legislature provided an appeal unique to its anti-SLAPP statute, as was the case in California, it could be inferred that its purpose was to confer immunity from suit—an immunity which can only be vindicated by permitting an interlocutory appeal. This is not the case here. With respect to its anti-SLAPP statute, Oregon has chosen to apply a final judgment rule comparable to that prescribed in 28 U.S.C. § 1291 and has not made any special provision, similar to that enacted in California, for appellate relief from the denial of a special motion to strike. This provides compelling evidence that Or. Rev. Stat. § 31.150 was intended to do nothing more than provide the defendants with a procedural device to obtain prompt review by a *nisi prius* judge of the likelihood that the plaintiff would be able to come forward with sufficient evidence to get to a jury.

### Conclusion

Because the order from which the appellants seek to appeal is not a final judgment and because it does not come within

the "small class" of cases in which an interlocutory appeal may be taken, the consolidated appeals are dismissed. We add these words. In addition to his special motion to strike, defendant Herbert L. MacDonell filed a motion to dismiss the complaint on the grounds that it was barred by the statute of limitations and for lack of personal jurisdiction. The district court denied these motions in the same order that it denied MacDonell's anti-SLAPP motion. On this appeal, he does not press the argument that his motion to dismiss on the ground of lack of *in personam* jurisdiction was wrongly decided, although he does press his appeal from the denial of his motion to dismiss on the ground that the complaint was barred by the statute of limitations. We are also without jurisdiction to entertain this appeal. *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002).

**DISMISSED.**