MEMORANDUM *
Conservation Force, Inc. appeals a series of district court orders, including 1) an April 28, 2008, 2008 WL 1902703, order requiring the United States Fish and Wildlife Service (the Service) to publish a final listing for the polar bear under the Endangered Species Act by May 15, 2008, and to waive the thirty-day notice period normally required by the Administrative Procedure Act; 2) a May 13, 2008 order granting for limited purposes Conservation Force’s motion to intervene and denying its motion to reconsider the April 28 order; and 3) a July 11, 2008, 2008 WL 2740396, order finding that the district court lacked authority to order the Service to permit the importation of polar bear trophies. Because we conclude that Conservation Force lacks standing to challenge the district court’s orders, we dismiss this appeal for lack of jurisdiction.
Conservation Force lacks standing to appeal the April 28 ruling waiving the thirty-day notice period because this issue was not within the scope of the limited intervention granted to Conservation Force. Accordingly, Conservation Force is not a party to the order and thus cannot appeal it. See Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 923 (9th Cir.2007). Conservation Force lacks standing to challenge the district court’s denial of its motion to reconsider the April 28 order for the same reason.
To the extent that Conservation Force challenges the district court’s grant of limited intervention, it also lacks standing to appeal because no final judgment has been entered. See Alsea Valley Alliance v. Dep’t of Commerce, 358 F.3d 1181, 1187 (9th Cir.2004) (holding that an order permitting intervention is reviewable “only upon appeal from the final judgment.”) (citation omitted).
As for the July 11 order, because Conservation Force is a party for the purpose of addressing the issue that was the subject of the July 11 order, it can obtain review of the July 11 order on appeal from the final judgment. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). Accordingly, we lack jurisdiction over the interlocutory order under either 28 U.S.C. § 1292(a)(1) or the collateral order doctrine. See Negrete v. Allianz Life Ins. Co. of N. Am., 523 F.3d 1091, 1097 (9th Cir.2008) (holding that an interlocutory order is appealable under § 1292(a)(1) if it has “the practical effect of the grant or denial of an injunction”) (citations omitted); see also Englert v. MacDonell, 551 F.3d 1099, 1104 (9th Cir.2009) (holding that the collateral order doctrine applies only if the interlocutory order is “effectively unreviewable on appeal from a final judgment.”) (citation omitted).
*259 Conservation Force has abandoned its appeal of the remaining orders listed in its notice of appeal by failing to address these orders in its briefs on appeal. See Fogel v. Collins, 531 F.3d 824, 829 n. 1 (9th Cir.2008).
APPEAL DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.