TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I concur in all of Judge Graber’s well-written opinion for the majority, except its holding “that the district court’s denial of immunity under California Government Code section 820.2 is a final appealable decision within the meaning of [28 U.S.C.] § 1291,” Maj. Op. at 1075, from which I dissent. And, although I do not disagree with the majority’s reasoning, id. at 1083-84, I would not reach the merits of Defendants’ appeal from the district court’s denial of their motion for summary judgment on Plaintiffs state-law false imprisonment claim because we lack jurisdiction over that portion of this interlocutory appeal. Because, in my view, the district court’s denial of state law immunity to the officer defendants is not a final, appealable order within the meaning of 28 U.S.C. § 1291, I would dismiss the appeal of all state law issues for lack of appellate jurisdiction. I therefore respectfully dissent from the majority’s assumption of jurisdiction over Defendants’ appeal on the false imprisonment claim.
I
I agree with the majority that the denial of “immunity” under state law is not appealable under § 1291 if the immunity at issue is a defense to liability, but is appeal-able if it is an immunity from suit. Maj. Op. at 1073-75. Here, there is no persuasive indication that Cal. Gov’t Code § 820.2 provides anything other than a defense to liability. Interlocutory review of the district court’s determination of the state-law immunity issue on summary judgment is therefore unavailable.
A
Adopted in 1963 in response to the California Supreme Court’s ruling that the general rule of governmental immunity from tort liability was “mistaken and unjust,” the California Tort Claims Act (“CTCA”) waived the state’s sovereign immunity and also eliminated common law liability of public entities. Muskopf v. Corning Hosp. Dist., 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457, 458 (1961) (striking down the general rule of state sovereign immunity); California Supreme *1086 Court in 1968-1969: Governmental Immunity, 58 Cal. L. Rev. 303, 305 (1970) (describing the history of the enactment of the CTCA); see generally 5 B.E. Witkin, Summary Of Cal. Law, Torts § 222(10th ed.2005). Specifically, the CTCA
establishes the basic rules that public entities are immune from liability except as provided by statute (§ 815, subd. (a)), that public employees are liable for their torts except as otherwise provided by statute (§ 820, subd. (a)), that public entities are vicariously liable for the torts of their employees (§ 815.2, subd. (a)), and that public entities are immune where their employees are immune, except as otherwise provided by statute (§ 815.2, subd. (b)).
Caldwell v. Montoya, 10 Cal.4th 972, 42 Cal.Rptr.2d 842, 897 P.2d 1320, 1325 (1995).
The Act’s legislative history directly supports the conclusion that § 820.2 is a defense to liability, not an immunity from suit. See Van Arsdale v. Hollinger, 68 Cal.2d 245, 66 Cal.Rptr. 20, 437 P.2d 508, 511 (1968) (stating that the contemporaneous comments of the Law Review Commission and Legislative Committee are entitled to “substantial weight” in construing the Act). The Act codified certain immunities from tort liability, including the immunity for discretionary acts under § 820.2. In codifying that provision, the Legislature made clear that it was not creating new law but simply maintaining an existing immunity from tort liability for discretionary acts. Id. Legislative Comm. Comment (“This section restates the preexisting California law. The discretionary immunity rule is restated here in statutory form to ensure that unless otherwise provided by statute, public employees will continue to remain immune from liability for their discretionary acts within the scope of their employment.” (citations omitted) (emphasis added)). The main case cited in the Legislative Committee Comment is Lipman v. Brisbane Elementary Sch. Dist., 55 Cal.2d 224, 11 Cal.Rptr. 97, 359 P.2d 465 (1961). In Lipman, the California Supreme Court reiterated the “established” rule “that government officials are not personally liable for their discretionary acts within the scope of their authority even though it is alleged that their conduct was malicious.” Id., 11 Cal. Rptr. 97, 359 P.2d at 467 (citations omitted). The statute, and the cases whose rule it restates, speak about immunity from personal liability, not immunity from suit. It does so in the context of the overarching rule that “the rule of governmental immunity may no longer be invoked to shield a public body from liability for the torts of its agents.” Id. (citing Muskopf). In view of this statutory history, it is clear that the Legislature intended a limited immunity from, or defense to, liability, not a sweeping immunity from suit.
Notably, the state law discretionary acts immunity is virtually identical to that which the federal government enjoys under the Federal Tort Claims Act. Compare Cal. Gov’t Code § 820.2 (“Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.”) with 28 U.S.C. § 2680(a) (excepting the federal government from liability for “Any claim based upon an act or omission of an employee of the Government ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.”). We have held that federal sovereign immunity has such broad excep *1087 tions carved out of it, that it indicates a legislative intent to surrender the government’s sovereign right not to be a litigant and “serves merely to channel litigation into the appropriate avenue for redress.” Alaska v. United States, 64 F.3d 1352, 1356 (9th Cir.1995) (holding that the denial of federal sovereign immunity is not a final order reviewable under § 1291). In Alaska, we concluded “that, despite the label ‘immunity,’ federal sovereign immunity is not best characterized as a ‘right not to stand trial altogether.’... [F]ederal sovereign immunity [i]s more accurately considered a right to prevail at trial, i.e., a defense to payment of damages.” Id. at 1355 (discussing Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); and Pullman Constr. Indus, v. United States, 23 F.3d 1166, 1169 (7th Cir.1994)).
The CTCA similarly evinces the California Legislature’s intent to channel government liability into a statutory scheme, rather than embrace blanket sovereign immunity from suit. Cal. Gov’t Code § 815, Legislative Comm. Comments (“there are many sections providing for the liability of governmental entities under specified conditions .... But there is no liability in the absence of a statute declaring such liability.”); Johnson v. State, 69 Cal.2d 782, 73 Cal.Rptr. 240, 447 P.2d 352, 363 (1968) (“The 1963 Tort Claims Act did not alter the basic teaching [that] when there is negligence the rule is liability, immunity is the exception.”) As with federal sovereign immunity, implementing the state’s restriction of liability to acts performed outside of a public employee’s discretion under § 820.2 “is an ordinary task of statutory interpretation, for which interlocutory appeals are no more necessary (or appropriate) than they are in the bulk of ... litigation.” Alaska, 64 F.3d at 1356.
Further, in contrast to federal qualified immunity, if the issue of state law immunity is resolved at trial, the immunity is not “effectively lost.” Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); see Alaska, 64 F.3d at 1357 (“Immediate appeals are permitted because if officials were unable to obtain prompt review of denials of qualified immunity, the substance of the immunity would be lost. That concern is not the foundation of federal sovereign immunity.”). The right bestowed upon defendants by § 820.2 is a right to be free of liability, not litigation, and so “may be vindicated effectively after trial,” such that denial at the summary judgment stage does not mean it has been “irretrievably lost in the absence of an immediate appeal.” Alaska, 64 F.3d at 1355; Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Because discretionary acts immunity under § 820.2 functions as “a defense from liability rather than a right to be free from trial, the benefits of immunity are not lost if review is postponed.” Alaska, 64 F.3d at 1356; cf. Ogborn v. City of Lancaster, 101 Cal.App.4th 448, 124 Cal.Rptr.2d 238, 246 (2002) (holding that “[t]he doctrine of qualified [ ] immunity is a federal doctrine that does not extend to state tort claims against governmental employees” under Cal. Civ.Code § 52.1).
The California Legislature’s intent that § 820.2 function only as a defense to liability and not an immunity from suit is further evidenced by the fact that it did not provide for immediate interlocutory appellate review of denials of discretionary acts immunity at the demurrer or summary judgment stages. In other situations, where the Legislature has provided immunity from suit, it has authorized interlocutory appeals from denials of dispositive motions to strike. Under California’s Strategic Lawsuits Against Public Partic *1088 ipation, Cal.Civ.Proc.Code § 425.16 (the “anti-SLAPP statute”), “[a]n order granting or denying a special motion to strike shall be appealable under Section 904.1.” Cal.Civ.Proc.Code § 425.16(j).[1] For this reason, we have acknowledged that “California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit....” Batzel v. Smith, 333 F.3d 1018, 1025 (9th Cir.2003).[2] Unlike the anti-SLAPP statute, the CTCA does not authorize interlocutory appeals from denials of general demurrers or summary judgment motions based on discretionary acts immunity under § 820.2.[3] This is compelling evidence that the California Legislature in enacting § 820.2 did not seek to provide public employees with immunity from suit.[4] Englert, 551 F.3d at 1106.
B
The majority’s reliance on stray, isolated usages of the phrase “immunity from suit” in a few California cases is unconvincing. Maj. Op. at 1074-76. If, as the majority suggests, these turns of phrase are “taken at face value,” it must be acknowledged that their use supports either conclusion — that § 820.2 provides immunity from suit or that it provides only a defense to liability. The California Supreme Court’s decision in Caldwell, for example, uses “immunity from suit” and “immunity from liability” in virtually interchangeable fashion. E.g., 42 Cal.Rptr.2d 842, 897 P.2d at 1324-25(discussing whether “governmental entities are generally immune from suit ” and then noting that the CTCA “establishes the basic rule that public entities are immune from liability except as provided by statute”) (emphasis added, original emphasis omitted). Whether the court meant “immunity from suit” or “defense to liability” is, at best, unclear. The majority’s reliance on Ramos is equally unconvincing. Maj. Op. at 1075-76 (citing Ramos v. County of Madera, 4 Cal.3d 685, 94 Cal.Rptr. 421, 484 P.2d 93, 98 (1971)). The Ramos court’s language does nothing more than acknowledge the truism that if a court concludes that § 820.2 discretionary act immunity applies at the demurrer stage, the public employee defendant is effectively shielded from the suit. Ramos, 94 Cal.Rptr. 421, 484 P.2d at 98(“Defendants urge that their demurrer to the damage actions should be sustained ... If such a contention were sound, the individual defendants would be immune from suit.”). For the same reasons, the single use of the phrase “entertain a suit” in Johnson is equally paltry *1089 evidence of legislative intent to grant broad immunity from suit rather than a limited defense to liability. See, infra, Part I.C.
The fact that the issue of discretionary acts immunity under § 820.2 may sometimes be resolved before trial (as in Ramos ) does not — contrary to the majority’s apparent view — alter the analysis. The Supreme Court has “repeatedly stressed that” the collateral order doctrine is a “ ‘narrow1 exception [which] should stay that way and never be allowed to swallow the general rule.” Digital Equip., 511 U.S. at 868, 114 S.Ct. 1992 (quoting Richardson-Merrell, 472 U.S. at 430, 105 S.Ct. 2757).
[V]irtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a ‘right not to stand trial.’ Allowing immediate appeals to vindicate every such right would move § 1291 aside for claims that the district court lacks personal jurisdiction, that the statute of limitations has run, that the movant has been denied his Sixth Amendment right to a speedy trial, that an action is barred on claim preclusion principles, that no material fact is in dispute and the moving party is entitled to judgment as a matter of law, or merely that the complaint fails to state a claim. Such motions can be made in virtually every case.
Id. at 873, 114 S.Ct. 1992. “But if immediate appellate review were available every such time, Congress’s final decision rule would end up a puny one.” Id. at 872, 114 S.Ct. 1992. Because discretionary acts immunity under § 820.2 may effectively be granted after trial, an interlocutory order denying it is not final. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (noting that § 1291 does not “permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge”).
C
The majority’s argument that “the policy underlying the Act suggests that section 820.2 confers immunity from suit,” is equally unpersuasive. Maj. Op. at 1076. Notwithstanding that inhibition of discretionary action may be a potential consequence of subjecting public employees to lawsuits, the California Supreme Court has declared that “fears that personal exposure to damage suits and judgments would deter the vigorous performance of public responsibilities are no longer a policy basis for immunity.” Caldwell, 42 Cal.Rptr.2d 842, 897 P.2d at 1325(diseussing Johnson). This is so because the CTCA contains provisions that directly minimize the burden and deterrent effect of litigation. “To the extent that the ardor of public employees might be affected by the threat of personal liability, these fears will be allayed by the indemnification provisions” of the CTCA rather than through an expansive reading of § 820.2. Johnson, 73 Cal.Rptr. 240, 447 P.2d at 359 (analyzing Cal. Gov’t Code §§ 825, 825.4). As the Johnson court explained:
Historically, the justification for attaching immunity to “discretionary” actions of public officials was to protect such employees from the spectre of extensive personal tort liability. Judge Learned Hand advanced the classic articulation of this policy: ... “[I]f it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the *1090 most resolute, or the most irresponsible, in the unflinching discharge of their duties.”
73 Cal.Rptr. 240, 447 P.2d at 358 (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir.1949)); see also Caldwell, 42 Cal. Rptr.2d 842, 897 P.2d at 1324 (explaining that “[t]he historical basis of the [discretionary acts immunity] rule was that fear of civil lawsuits might deter officials from the zealous and unflinching discharge of their public duties”). Rejecting this policy concern as a basis for an expansive grant of immunity under § 820.2, the Johnson court concluded that “California’s statutory provisions for indemnification of public officials largely remove the dangers that troubled Judge Hand.” Johnson, 73 Cal.Rptr. 240, 447 P.2d at 358. Therefore, because the CTCA protects public employees from “any requirement that he assume the financial and mental burden of defending his official conduct in a personal suit filed against him” and “faces only a slim danger of ultimate personal liability,” the majority’s conclusion that § 820.2 must be read broadly as a blanket immunity from suit to satisfy this policy concern, as the California Supreme Court has recognized, is unsupportable. Johnson, 73 Cal.Rptr. 240, 447 P.2d at 359.
For all of these reasons, the district court’s denial of summary judgment on state statutory immunity grounds does not qualify as a final decision under the collateral order doctrine. Therefore, I conclude that we lack appellate jurisdiction under § 1291, as construed in Mitchell, to consider the state-law issues Defendants raise on appeal.
II
I would further conclude that we lack pendent appellate jurisdiction over these issues because they are not “inextricably intertwined” with the federal qualified immunity decision. “Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court.” Cunningham v. Gates, 229 F.3d 1271, 1284 (9th Cir.2000) (“We have consistently interpreted ‘inextricably intertwined’ very narrowly.”).
Two issues are not “inextricably intertwined” if we must apply different legal standards to each issue. Rather, the legal theories on which the issues advance must either (a) be so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue.
Id. (internal citations omitted).
The state-law issues raised by Defendants are not inextricably intertwined with the federal qualified immunity determination. The legal standard for qualified immunity is entirely different from the legal standards governing state torts, and each is based on a different body of law. We can resolve the qualified immunity question without reaching these state law issues. Whether or not the officers are entitled to qualified immunity will not necessarily resolve the issues of whether the officers are liable for assault or battery, entitled to discretionary acts immunity under § 820.2, or may be held liable under Cal. Civ.Code § 52.1. Because the state law issues may be determined independently from the qualified immunity decision, these issues are not “inextricably intertwined” and we may not exercise pendant appellate jurisdiction over them.
III
I would venture to state that plaintiffs’ counsel in virtually every § 1983 action *1091 throughout the Circuit will find it prudent to plead supplemental state law claims. The majority’s novel ruling that pretrial rulings in those supplemental claims are subject to interlocutory appeals to the same extent as pretrial denials of qualified immunity on federal claims can only result in the needless proliferation of interlocutory appeals, the resolution of which, in many cases, will not be as straightforward as in this case.
For the reasons stated herein, I respectfully dissent from the majority’s assumption of appellate jurisdiction over Defendants’ interlocutory appeal on Plaintiffs false imprisonment claim.

. Cal.Civ.Proc.Code § 904.1(13) provides that an appeal may be taken from "an order granting or denying a special motion to strike under Section 425.16.”

. In contrast, in Englert v. MacDonell, 551 F.3d 1099, 1105-07 (9th Cir.2009), we distinguished the Oregon anti-SLAPP statute from the California anti-SLAPP statute on the basis that Oregon did not provide for interlocutory appeal of anti-SLAPP orders. “The failure of the Oregon Legislature to provide for an appeal from the denial of a special motion to strike provides compelling evidence that, unlike their California counterparts, Oregon lawmakers did not want ‘to protect speakers from the trial itself....” 7d. at 1106 (emphasis added) (quoting Batzel, 333 F.3d at 1025).

. And, unlike the U.S. Supreme Court in Mitchell, 472 U.S. at 525-27, 105 S.Ct. 2806, concerning orders denying qualified immunity, the California Supreme Court has not equated interlocutory orders denying discretionary acts immunity under § 820.2 with appealable, final judgments.

. The majority argues that the occasional review of statutory immunity claims by way of mandamus somehow alleviates the California Legislature’s failure to make such orders appealable. Maj. Op. at 1075-76. But such discretionary review by extraordinary writ in no way indicates a legislative intent that the "immunity” provided by § 820.2 be an immunity from suit.