**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID V. BECKHAM, an individual, | No. 11-55441 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07980-R-SS |
| V. | |
| BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited liability partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| IRMA NICI, an individual, | |
| Defendant. | |

| | |
|---|---|
| DAVID V. BECKHAM, an individual, | No. 11-56010 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07980-R-SS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

V.

BAUER PUBLISHING COMPANY, L.P., a Delaware limited partnership; BAUER MAGAZINE L.P., a Delaware limited liability partnership; BAUER MEDIA GROUP, INC., a Delaware corporation; BAUER, INC., a Delaware corporation; BAUER NORTH AMERICA, INC., a Delaware corporation; MICHELLE LEE, an individual,

Defendants - Appellees,

and

IRMA NICI, an individual,

Defendant.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 6, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

David Beckham appeals the district court's order granting an anti-SLAPP

motion to strike his complaint against Bauer Publishing Company; Bauer

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Magazine; Bauer Media Group, Inc.; Bauer, Inc.; Bauer North America, Inc.; and Michelle Lee (the "Bauer defendants"). We dismiss his appeal for lack of appellate jurisdiction.

Because the district court's order dismissed Beckham's claims against some, but not all, of the defendants in the action, it is not an appealable final order. *See Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1415–16 (9th Cir. 1985). Moreover, this court does not have jurisdiction over his appeal under the collateral order doctrine because the district court's order *granted* immunity to the Bauer defendants. *See DC Comics v. Pac. Pictures Corp.*, No. 11-56934, 2013 WL 119716, at *4–5 (9th Cir. Jan. 10, 2013) (treating California anti-SLAPP motions as a form of immunity from suit); *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003) (same). An order granting immunity to some defendants before trial can be "fully and effectively reviewed after final judgment." *Branson v. City of Los Angeles*, 912 F.2d 334, 335 (9th Cir. 1990).

Although Beckham argues that we should follow California law, which allows interlocutory appeals from orders granting anti-SLAPP motions to strike, we decline to do so. *See* Cal. Civ. Proc. Code § 904.1(a)(13). Federal law governs our jurisdiction in this case and under federal law, we lack appellate jurisdiction. *See Englert v. MacDonell*, 551 F.3d 1099, 1107 (9th Cir. 2009).

**DISMISSED.**