Shea T. BURNS–VIDLAK, a minor, by his mother and next friend Honey BURNS; George Cohn, Plaintiffs–Appellees,

v.

Susan CHANDLER, in her official capacity as the Director of the Department of Human Services of the State of Hawaii; The State of Hawaii, Defendants–Appellants.

No. 97–16329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1998.

Decided Jan. 22, 1999.

---

Girard D. Lau, Deputy Attorney General, Honolulu, Hawaii, for the defendants-appellants.

Shelby Anne Floyd and Bradford L. Tannen, Alston, Hunt, Floyd & Ing, Honolulu, Hawaii, for the plaintiffs-appellees.

Gregory B. Friel, United States Department of Justice, Washington, D.C., for the amicus.

Before: ALFRED T. GOODWIN, ROBERT R. BEEZER and T.G. NELSON, Circuit Judges.

BEEZER, Circuit Judge:

Susan Chandler, in her official capacity as the director of the Department of Human Services of the State of Hawaii, and the State of Hawaii [collectively hereinafter "the State"] appeal the denial of their motion for partial summary judgment on the question whether punitive damages are available

against a state under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (1994) [hereinafter "Title II"], and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (1994) [hereinafter "Section 504"]. We dismiss this appeal for lack of subject matter jurisdiction.

## I

This suit involves a challenge under Title II and Section 504 to Hawaii's QUEST[1] health care program. Burns–Vidlak claims that the categorical exclusion of blind and disabled persons from participation in the QUEST program prior to April 1, 1996 constituted unlawful discrimination in violation of Title II and Section 504. Burns–Vidlak originally filed this action solely against Susan Chandler, in her official capacity as the director of Hawaii's Department of Human Services. *See Burns–Vidlak*, 939 F.Supp. at 766. The district court granted partial summary judgment in favor of Burns–Vidlak, holding, as a matter of law, that Hawaii's exclusion of blind and disabled individuals from the QUEST program violated Title II and Section 504. *See id.* at 771–73. The court further held, and Hawaii conceded, that monetary damages are available to compensate injuries caused by Hawaii's violation of Title II and Section 504. *See id.* at 773, 770.

The district court subsequently allowed Burns–Vidlak to amend his complaint to add the State of Hawaii as a defendant and to seek punitive damages against both defendants. The State then moved for partial summary judgment, claiming that the Eleventh Amendment[2] shields it from exposure to punitive damages under Title II and Section 504. The district court denied the

State's motion and the present appeal followed.

## II

■ In general, only final judgments of a district court may be reviewed on appeal.[3] *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). A district court's decision in a civil case is final if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *California v. Campbell*, 138 F.3d 772, 776 (9th Cir.1998) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). As the State acknowledges, the district court's order denying its motion for partial summary judgment is not a "final decision" under 28 U.S.C. § 1291. Accordingly, the State urges the panel to ground its subject matter jurisdiction in the collateral order doctrine as articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

■ The *Cohen* collateral order doctrine is "a narrow exception to the normal application of the final judgment rule," *Midland*, 489 U.S. at 798, 109 S.Ct. 1494, which "recognizes that a limited class of prejudgment orders is sufficiently important and sufficiently separate from the underlying dispute that immediate appeal should be available," *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987). The collateral order doctrine permits an appeal from a non-final judgment provided three criteria are satisfied: the "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the

---

1. The QUEST program represents Hawaii's attempt to "integrate[ ] the preexisting fee-for-service health care plans utilized for recipients under Medicaid, AFDC, SHIP, and GA programs. Under QUEST these recipients will now receive health care through privatized managed-care health care providers rather than on a fee-for-service basis." *Burns–Vidlak v. Chandler*, 939 F.Supp. 765, 767 (D.Haw.1996).

2. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This withdrawal of jurisdiction also shields unconsenting states from suits brought in federal court by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

3. "The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." 28 U.S.C. § 1291 (1994).

merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Midland,* 489 U.S. at 799, 109 S.Ct. 1494 (internal quotation marks omitted). The State bears the burden of demonstrating that all three requirements are fulfilled. *See Stringfellow,* 480 U.S. at 375, 107 S.Ct. 1177.

▮ The Supreme Court has emphasized that the conditions for collateral order appeal are to be stringently applied to ensure that this narrow exception "never be allowed to swallow the general rule" requiring a judgment to be final prior to appeal. *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). We therefore determine the applicability of the collateral order doctrine "without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted, by a prompt appellate court decision." *Id.* (internal citation and quotation marks omitted).

▮ We find it unnecessary to address the first two criteria of the *Cohen* test because we conclude that the State has failed to satisfy the third criterion. The State claims that, in light of *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), the district court's determination that punitive damages are available against the State under Title II and Section 504 is effectively unreviewable on appeal. The State is mistaken.

▮ In *Metcalf & Eddy,* the Supreme Court held that states may invoke the *Cohen*

collateral order doctrine to appeal immediately a district court order denying a claim of Eleventh Amendment immunity from suit in federal court. *Id.* at 141, 113 S.Ct. 684. The Court grounded its holding in the recognition that the Eleventh Amendment "confers an immunity from suit [in federal court]"[4] and that this protection would be " 'effectively lost if a case is erroneously permitted to go to trial.' "[5] *Id.* at 144, 113 S.Ct. 684 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Put differently, a district court's denial of a state's entitlement to Eleventh Amendment immunity is "effectively unreviewable on appeal from a final judgment," *Midland,* 489 U.S. at 799, 109 S.Ct. 1494 (internal quotation marks omitted), since the harm to the state's "dignitary interests" in not being haled into another sovereign's court in the first instance cannot be undone, *Metcalf & Eddy,* 506 U.S. at 146, 113 S.Ct. 684.

In the instant case, the State is not claiming sovereign immunity from suit in federal court.[6] In fact, the state concedes that it is subject to suit, and answerable in money damages, in federal court on the appellees' Title II and Section 504 claims. *See Burns–Vidlak v. Chandler,* 939 F.Supp. 765, 770 (D.Haw.1996). Rather, the State invokes the Eleventh Amendment merely as a defense to liability for punitive damages under Title II and Section 504. But a "defense to the payment of money ... is far removed from the kind[ ] of immunit[y] from the judicial process involved in *Metcalf & Eddy* ...." *Pullman Constr. Indus., Inc. v. United States,* 23 F.3d 1166, 1169 (7th Cir.1994).

4. *See also Alaska v. United States,* 64 F.3d 1352, 1355 (9th Cir.1995) ("[T]he Eleventh Amendment ... allow[s] one sovereign entity the right to avoid, altogether, being subjected to litigation in another sovereign's courts.").

5. *See also Sofamor Danek Group, Inc. v. Brown,* 124 F.3d 1179, 1183 n. 2 (9th Cir.1997) ("[T]he central benefit of [Eleventh Amendment] immunity, the right not to stand trial in the first instance, is effectively lost if a case is erroneously permitted to proceed to trial.").

6. Even if the State *were* claiming Eleventh Amendment immunity from suit in federal court, the plain language of the Rehabilitation Act and the Americans with Disabilities Act ["ADA"] makes it clear that Congress has unequivocally

abrogated the states' immunity from suit in federal court under those statutes. *See* 42 U.S.C. § 2000d–7(a)(1) (1994) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of Section 504 of the Rehabilitation Act of 1973 ....") and 42 U.S.C. § 12202 (1994) ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of [the ADA]."). *See also Clark v. California,* 123 F.3d 1267, 1269 (9th Cir.1997) ("Congress has unequivocally expressed its intent to abrogate the State's immunity [from suit in federal court] under both the ADA and the Rehabilitation Act.").

"The foundation for the interlocutory appeal authorized by [*Metcalf & Eddy*] is the existence of a right not to be a litigant.... Once the [state] defendants concede that the litigation is proper, they undermine any claim of entitlement to an interlocutory appeal." *Mercer v. Magnant,* 40 F.3d 893, 896–97 (7th Cir.1994).

Indeed, the Supreme Court has made it clear that a potentially "erroneous ruling on liability may be reviewed effectively on appeal from final judgment." [7] *Swint v. Chambers County Commission,* 514 U.S. 35, 43, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). Thus, the State has failed to satisfy the third criterion of the *Cohen* test, rendering the district court's order denying the State's motion for partial summary judgment an unappealable collateral order. APPEAL DISMISSED.

---

**7.** We have expressed a similar view in the context of federal sovereign immunity: "Because federal sovereign immunity is a defense to liability rather than a right to be free from trial, the benefits of immunity are not lost if review is postponed." *Alaska v. United States,* 64 F.3d 1352, 1356 (9th Cir.1995).