OPINION
JOHNSON, Associate Justice.
Defendant appeals from an interlocutory order determining that the limitation on non-economic damages contained in Tribal Code Section 255.6(h) is inapplicable to this personal injury case. We determine that the order in question is not a “final order” subject to appellate review under Tribal Code Section 310(h)(2) and dismiss the appeal for lack of subject-matter jurisdiction.
Plaintiff alleges that she was injured at the Spirit Mountain Casino on February 13, 2002, as a result of defendant’s negligence. She timely filed the tort claim notice required by Tribal Code Section 255.6(d) and then filed suit. After amending her complaint, she claimed, among other relief, noneconomic damages of $800,000. Among other defenses, defendant interposed the following provision of the Tribal Tort Claims Ordinance (TTCO): “No award, judgment or order shall be made under this Ordinance for pain and suffering or mental anguish and suffering or like claims in an amount greater than $100,000 for each injury.” Tribal Code § 255.6(h).
The trial court issued an order on “pretrial issues” on March 24, 2004. The court found that a provision in the Tribe’s gaming compact with the State of Oregon had waived the damages limitation contained in the TTCO as it might otherwise have applied to injuries sustained by patrons at the Spirit Mountain Casino. This appeal followed.
Although the parties refer to the trial court’s order in their briefs as a “Rule 104” order, FRE 104 deals with the admis *96 sibility of evidence. It does not contemplate a partial ruling on the substance of a claim sueh as the trial court made here. We asked for supplemental briefing on the question of the trial court’s authority to make such a decision before the tria). The most cogent explanation is that defendant requested a partial summary judgment to limit the issues for trial under FRCP 56(d), see FRCP 56 advisory committee’s note (1946) (note to subdivision (d)), and that the trial court denied the motion. We have treated the order as such.
An order denying a motion for a summary judgment is not a “final order” and is ordinarily not appealable. Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1306, 98 S.Ct. 2, 54 L.Ed.2d 17 (1977) (Rehnquist, Circuit Justice); Forsyth v. Kleindienst, 599 F.2d 1203, 1207 (3d Cir.1979), cert. den. sub nom. Mitchell v. Forsyth, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981) (Forsyth I); see also Burns-Vidlak v. Chandler, 165 F.3d 1257, 1259 (9th Cir. 1999). Recognizing as much, defendant urges that we adopt the “collateral order doctrine” described by the United States Supreme Court in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Fd. 1528 (1949).
“Under the ‘collateral order’ doctrine of [CohenJ, a small class of interlocutory orders are [sic] immediately appealable.... As defined by Cohen, this class embraces orders that ‘conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment.’ ” Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The United States courts frequently have used the doctrine to review the sort of immunity defense that defendant raises here. See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L,Ed.2d 411 (1985) (For-syth II); Fitzgerald; Forsyth I; Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep’t of Labor, 187 F.3d 1174 (10th Cir.1999), cert. den. sub nom. Osage Tribal Council v. Dep’t of Labor, 530 U.S. 1229, 120 S.Ct. 2657, 147 L.Ed.2d 272 (2000).
Although we share the federal courts’ concern that our jurisdictional statute be given a “practical rather than a technical construction,” Cohen, 337 U.S. at 546, 69 S.Ct. 1221, 93 L.Ed. 1528, we find the collateral order doctrine inapplicable here. “A major characteristic of the denial or granting of a claim appealable under Cohen’s ‘collateral order’ doctrine is that[,] unless it can be reviewed before the proceedings terminate, it can never be reviewed at all.” Forsyth II, 472 U.S. at 525, 105 S.Ct. 2806, 86 L.Ed.2d 411 (internal quotation marks and citation omitted). The case before us today fails to satisfy this key element of the collateral order doctrine.
We emphasize that our decision rests on jurisdictional rather than prudential grounds. The collateral order doctrine is a construction given to the term “final order” in the jurisdictional statute, not an exception to it. See Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999); Cohen. Although we question the dissent’s assumption that the parties’ presentation of the case on remand would be assisted by an advisory resolution of the merits of this appeal, it matters not to our decision. Our jurisdictional statute might have given us authority over a wider variety of interlocu *97 tory appeals, or even to render advisory opinions, but it does neither.
Both parties agree that defendant has waived its sovereign immunity from suit, at least up to the limits set forth in the TTCO. Where they disagree is in whether defendant has further waived the limits of its liability by the terms of its gaming contract with the state. Whether we affirm or reverse, the parties agree that the case must be remanded for a trial on defendant’s liability, if any, for plaintiffs claimed injuries. At that trial, the court might award non-economic damages greater than $100,000, less than $100,000, or not at all. This serves to distinguish the case from ones like Osage Tribal Council, where the Osage tribe obtained an interlocutory review of an order rejecting its defense of sovereign immunity from suit. In that case, the Tenth Circuit reviewed the collateral order because the tribe’s defense implied “immunity from suit, and not merely a defense to liability.” See 187 F.3d at 1179; cf. Puerto Rico Aqueduct and Sewer Auth. (Eleventh Amendment immunity).
This case is more like Burns-Vidlak. In that case, the plaintiff sued the State of Hawaii and its Director of Human Services for both compensatory and punitive damages. Burns-Vidlak, 165 F.3d at 1259. The district court denied the state’s Eleventh Amendment motion for partial summary judgment on the issue of punitive damages, and the state appealed. Id. The Ninth Circuit dismissed the appeal for lack of subject-matter jurisdiction. Applying the collateral order doctrine stringently, as the United States Supreme Court has instructed that it must be applied, see Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994), the Ninth Circuit observed that the state did not claim immunity from suit, but only immunity from punitive damages.[1] Burns-Vidlak, 165 F.3d at 1260. Because a favorable ruling would not shield the state from “being haled into another sovereign’s court in the first instance,” id., the collateral order doctrine did not make the district court’s interlocutory order appealable. Rather, the court observed, any potentially erroneous ruling on liability might be reviewed effectively on appeal from the final judgment. 165 F.3d at 1261.
These authorities demonstrate that the purpose of the collateral order doctrine in the sovereign immunity context is to shield the sovereign from having to answer litigation in which it can never be held liable in any event. Once the sovereign concedes, as it has here, that the litigation is proper, it undermines any claim of entitlement to an interlocutory appeal. Id. The error, if any, in the trial court’s award of damages to plaintiff can be, and should be, reviewed on appeal from the final judgment.
Appeal dismissed.
I CONCUR: DAVID THOMPSON, Associate Justice.

. The Ninth Circuit, in dicta, refers to one of its own earlier decisions, Alaska v. United States, 64 F.3d 1352, 1356 (9th Cir. 1995), for the general proposition that “federal sovereign immunity is a defense to liability rather than a right to be free from trial.” Burns-Vidlak v. Chandler, 165 F.3d 1257, 1261 n. 7 (9th Cir. 1999). Examination of Alaska v. United States and related cases unearths a controversy in the federal courts about the nature of federal sovereign immunity that, while it is interesting, need not detain us here. This case presents a question of tribal sovereign immunity, which, all authorities agree, "does indeed guarantee immunity from suit, and not merely a defense to liability.” See, e.g., Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor, 187 F.3d 1174, 1179 (10th Cir. 1999), cert. den. sub nom. Osage Tribal Council v. Dep't of Labor, 530 U.S. 1229, 120 S.Ct. 2657, 147 L.Ed.2d 272 (2000).