**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MAIRI NUNAG-TANEDO; INGRID
CRUZ; DONNABEL ESCUADRA;
ROLANDO PASCUAL; TOMASA MARI,
on behalf of themselves and other
similarly situated individuals,
                *Plaintiffs-Appellees*,

            v.

EAST BATON ROUGE PARISH
SCHOOL BOARD,
                *Defendant*,

        and

ROBERT B. SILVERMAN; SILVERMAN
& ASSOCIATES, INC.,
                *Defendants-Appellants*.

No. 11-57064

D.C. No.
8:10-cv-01172-
JAK-MLG


OPINION

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted
February 12, 2013—Pasadena, California

Filed March 27, 2013

Before: Marsha S. Berzon and Paul J. Watford, Circuit Judges, and James G. Carr, Senior District Judge.[*]

Opinion by Judge Berzon

---

## SUMMARY[**]

### Appellate Jurisdiction

The panel dismissed for lack of jurisdiction an appeal from the denial of a motion for immunity from liability under the *Noerr-Pennington* doctrine, which protects the First Amendment right to petition the government for a redress of grievances.

Joining other circuits, the panel held that the denial of a motion for *Noerr-Pennington* immunity is not an immediately appealable collateral order. The panel also held that it did not have pendent appellate jurisdiction over the *Noerr-Pennington* issue.

---

### COUNSEL

Robert B. Silverman, Silverman & Associates, Inc., Pasadena, California; Maureen Jaroscak, Law Office of

---

[*] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Maureen Jaroscak, Santa Fe Springs, California, for Defendants-Appellants.

Dennis B. Auerbach, Covington & Burling LLP, Washington, D.C.; Candice N. Plotkin, Covington & Burling LLP, San Francisco, California, for Plaintiffs-Appellees.

---

## OPINION

BERZON, Circuit Judge:

Our question is whether the denial of a motion for immunity from liability under the *Noerr-Pennington* doctrine is immediately appealable. We hold that it is not.

California attorney, Robert Silverman, and his firm, Silverman & Associates, Inc. (collectively "Silverman"), were sued by the plaintiffs-appellees on behalf of a class of Filipino teachers recruited to work in several school districts in Louisiana. The plaintiffs allege that Silverman aided and abetted a human trafficking scheme in violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§1589, 1590, 1592, 1594, and the Racketeer Influenced and Corrupt Organizations Act ("the RICO Act"), 18 U.S.C. §§ 1961–1968; breached his fiduciary duties to members of the plaintiff class; and committed legal malpractice through his role in procuring H-1B non-immigrant visas for the teachers.

Silverman brings this interlocutory appeal from the district court's denial of his special motion to strike the plaintiffs' second amended complaint. He sought to strike the

plaintiffs' state law claims on the ground that they violate California's anti-SLAPP statute,[1] Cal. Civ. Proc. Code § 425.16, and invoked *Noerr-Pennington* immunity against all of the plaintiffs' claims, including their federal statutory claims under the TVPA and the RICO Act.

As we hold in a concurrently filed memorandum disposition covering the anti-SLAPP issue, we have jurisdiction to review the denial of Silverman's anti-SLAPP motion. *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013). Although we have not previously addressed the issue, for the reasons set forth below, we now join the other circuits to have ruled on this question and hold that the denial of a motion for *Noerr-Pennington* immunity from liability is not an immediately appealable collateral order. *See Hinshaw v. Smith*, 436 F.3d 997, 1003 (8th Cir. 2006); *Acoustic Sys., Inc. v. Wenger Corp.*, 207 F.3d 287, 295–96 (5th Cir. 2000); *We, Inc. v. City of Philadelphia*, 174 F.3d 322, 328–30 (3d Cir. 1999); *Segni v. Commercial Office of Spain*, 816 F.2d 344, 345–46 (7th Cir. 1987); *cf. Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 947 (6th Cir. 2006) (dismissing an interlocutory appeal involving a *Noerr-Pennington* defense for lack of jurisdiction). Nor do we have pendent appellate jurisdiction over the *Noerr-Pennington* issue. We therefore do not reach the merits of Silverman's *Noerr-Pennington* defense.

## I.

Under the collateral order doctrine, first announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), to be subject to immediate appeal, an order that does

---

[1] SLAPP stands for "strategic lawsuit against public participation."

not resolve the entire case must: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (alterations in original) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)) (internal quotation marks omitted). These criteria are satisfied by only a "narrow class of [district court] decisions that do not terminate the litigation, but are sufficiently important and collateral to the merits that they should nonetheless be treated as final." *Id.* at 347 (quoting *Digital Equip. Corp. v. Desktop Direct*, *Inc.*, 511 U.S. 863, 867 (1994)) (internal quotation marks omitted).

The *Noerr-Pennington* doctrine protects the First Amendment "right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under *Noerr-Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (citing *Empress LLC v. City & Cnty. of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005)). Although the doctrine was developed in the antitrust context, in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), it has since been extended to other statutory schemes. *See, e.g.*, *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 742–43 (1983) (applying the *Noerr-Pennington* doctrine to the National Labor Relations Act); *BE & K Constr. Co v. N.L.R.B.*, 536 U.S. 516, 526 (2002) (same); *see also Sosa*, 437 F.3d at 932 n.6 (discussing cases applying *Noerr-Pennington* outside the antitrust context); *White v. Lee*,

227 F.3d 1214, 1231 (9th Cir. 2000) (holding that, because it "is based on and implements the First Amendment right to petition," the *Noerr-Pennington* doctrine "applies equally in all contexts"). Today, *Noerr-Pennington* "stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause," *Sosa*, 437 F.3d at 931 (and may also be applicable in construing the reach of common law causes of action, *see infra* note 2).

A district court's refusal to accord a *Noerr-Pennington* defense to liability satisfies the first prong of the *Cohen* collateral order test. That denial conclusively determines the disputed question: whether liability may properly attach to the defendant's conduct at issue in the challenged claims, or whether the conduct is protected petitioning activity. But it fails the second and third prongs.

The question resolved does not involve a "claim[] of right separable from, and collateral to, rights asserted in the action," *Cohen*, 337 U.S. at 546, as required by the second prong of the *Cohen* test, *see Will*, 546 U.S. at 349. Instead, *Noerr-Pennington* is a merits defense to liability, premised on an implied limitation as to the reach of the applicable law. *See Sosa*, 437 F.3d at 931. Here, the disputed question resolved by the ruling on Silverman's *Noerr-Pennington* defense is whether the conduct for which he is being sued qualifies as petitioning activity for which liability may not be imposed under the TVPA, the RICO Act, or state common law, or whether, instead, it constitutes illegal trafficking and professional malpractice covered by those causes of action. That question is part and parcel of the merits of the plaintiffs' action.

One other circuit has stated otherwise, accepting without analysis that the question resolved in a motion for *Noerr-Pennington* immunity is ordinarily unrelated to the merits of the case. *See We, Inc.*, 174 F.3d at 325. But in this circuit, at least, the *Noerr-Pennington* doctrine is a rule of construction. So the result of its application is simply to circumscribe the reach of the cause of action, thereby determining whether there is liability. Given that function, the *Noerr-Pennington* doctrine is an interpretive doctrine that merges into the merits of the liability determination.

Nor is a ruling on *Noerr-Pennington* liability unreviewable on appeal from a final judgment, as required to satisfy the third prong of the *Cohen* test. *See Will*, 546 U.S. at 349. Denials of claims of absolute, qualified, Eleventh Amendment, tribal, and foreign sovereign immunity, are immediately appealable because those immunity doctrines entitle the defendant to avoid facing suit and bearing the burdens of litigation. That entitlement would be "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (qualified immunity); *see also Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 144–47 (Eleventh Amendment immunity); *Paine v. City of Lompoc*, 265 F.3d 975, 980–81 (9th Cir. 2001) (absolute immunity); *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000) (qualified immunity); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1130 (9th Cir. 2012) (foreign sovereign immunity); *Doe v. Holy See*, 557 F.3d 1066, 1074 (9th Cir. 2009) (same); *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1090–91 (9th Cir. 2007) (tribal sovereign immunity). Similarly, the purposes underlying the Double Jeopardy Clause include the avoidance of duplicative trial. So improper denial of a double jeopardy defense cannot be fully remedied by a post-trial appeal. *See Abney v. United States*,

431 U.S. 651, 659, 661–62 (1977); *see also Flanagan v. United States*, 465 U.S. 259, 266–67 (1984) (citing *United States v. MacDonald*, 435 U.S. 850, 860 n.7 (1978)) (noting that "[d]ouble jeopardy and Speech or Debate rights are *sui generis*" in guaranteeing immunity from trial).

The *Noerr-Pennington* doctrine, in contrast, does not confer a right not to stand trial. Although we have repeatedly characterized the protection afforded by *Noerr-Pennington* as a form of "immunity," *see, e.g.*, *Sosa*, 437 F.3d at 929; *Empress LLC*, 419 F.3d at 1056; *Liberty Lake Invs., Inc. v. Magnuson*, 12 F.3d 155, 160 (9th Cir. 1993); *Omni Res. Dev. Corp. v. Conoco, Inc.*, 739 F.2d 1412, 1413 (9th Cir. 1984), the use of the term "immunity" in this context signals immunity from liability, not from trial. Again, unlike California's anti-SLAPP statute, which is "in the nature of an immunity from suit," *see DC Comics*, 706 F.3d at 1013; *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003), the *Noerr-Pennington* doctrine provides only a defense to liability, implied into various federal statutes to protect the right of petitioning, *see Sosa*, 437 F.3d at 929, 931.

As a principle of statutory interpretation, *Noerr-Pennington* is no more a protection from litigation itself than is any other ordinary defense, affirmative or otherwise and constitutionally grounded or not. For example, a defense that a claim is barred by the statute of limitations does not provide immunity from litigation. *See Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002). Nor does a defense that the particular remedy plaintiffs seek is foreclosed by statute. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1190 (9th Cir. 2003) (holding that the denial of a defense to suit based on a statutory bar to relief under § 1983 is not immediately appealable under the collateral

order doctrine); *see also Burns-Vidlak ex rel. Burns v. Chandler*, 165 F.3d 1257, 1260–61 (9th Cir. 1999) (holding that the denial of a defense to liability for punitive damages is not immediately appealable). Consequently, denial of a *Noerr-Pennington* defense is as effectively reviewable on appeal from the final judgment as any potentially "erroneous ruling on liability" ordinarily is. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995).

The Supreme Court has cautioned against characterizing every right that "could be enforced appropriately by pretrial dismissal" as "conferring a 'right not to stand trial'" and therefore subject to immediate appeal under the collateral order doctrine. *Digital Equip. Corp.*, 511 U.S. at 873. Allowing interlocutory appeals of all such rights would:

> move [28 U.S.C.] § 1291 aside for claims that the district court lacks personal jurisdiction, that the statute of limitations has run, that the movant has been denied his Sixth Amendment right to a speedy trial, that an action is barred on claim preclusion principles, that no material fact is in dispute and the moving party is entitled to judgment as a matter of law, or merely that the complaint fails to state a claim.

*Id*. (citations omitted). Instead, courts of appeals should "view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Id.*

Nor is the "constitutional nature of the right [protected] . . . dispositive of the collateral order inquiry." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1135 (9th Cir. 2009) (citing

*Flanagan*, 465 U.S. at 267–68). The Petition Clause of the First Amendment, which *Noerr-Pennington* is designed to safeguard, does not enjoy a special status, or confer any greater immunity, than that provided by other First Amendment guarantees. *See McDonald v. Smith*, 472 U.S. 479, 484–85 (1985). And "[t]he courts have never recognized . . . that an immunity *from suit* was necessary to prevent an unacceptable chill of those First Amendment rights." *We, Inc.*, 174 F.3d at 327. Accordingly, "no possible ground remains for thinking that a defense based on that clause is any different—so far as is relevant to the issue of appealability under the collateral order doctrine—from any other affirmative defense." *Segni*, 816 F.2d at 346; *accord We, Inc.*, 174 F.3d at 328–29; *Acoustic Sys., Inc.*, 207 F.3d at 296; *Hinshaw*, 436 F.3d at 1003.

We therefore hold that denial of a *Noerr-Pennington* defense is not immediately appealable under the collateral order doctrine.

## II.

Nor do we have pendent jurisdiction to review the denial of Silverman's *Noerr-Pennington* defense. That denial is neither "inextricably intertwined" with nor "necessary to ensure meaningful review of" the issue which *is* properly subject to interlocutory appeal: the denial of Silverman's anti-SLAPP motion. *Swint*, 514 U.S. at 51; *accord Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005) (discussing pendent jurisdiction); *see also DC Comics*, 706 F.3d at 1015 (reaffirming that the denial of an anti-SLAPP motion is immediately appealable). As California's anti-SLAPP statute applies only to state law claims, *see Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010),

Silverman's asserted *Noerr-Pennington* defense against federal statutory liability under the TVPA and the RICO Act is severable from, and neither necessary to nor necessarily resolved by, our ruling on the anti-SLAPP motion to strike. *See id.* at 900 (citing *Batzel*, 333 F.3d at 1023).[2]

## III.

For these reasons, Silverman's appeal from the district court's denial of his *Noerr-Pennington* motion is **DISMISSED** for lack of appellate jurisdiction.

---

[2] Silverman's asserted *Noerr-Pennington* defense against the plaintiffs' state law claims may well fail for the same reason the anti-SLAPP motion to strike those claims fails. But as the *Noerr-Pennington* question is not properly before us, we need not address whether the doctrine provides immunity against state common law claims at all. That remains an open question in this circuit, the answer to which may well depend on state law. *See Sosa*, 437 F.3d at 932 n.6 (discussing the application of *Noerr-Pennington* outside the antitrust context, including, in other circuits, to common law causes of action); *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1538 & n.15 (9th Cir. 1996) (declining to decide whether *Noerr-Pennington* applies to state law tort claims, but compiling "extensive case law" on both sides of the question), *rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).