NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000135
22-JUL-2022
08:24 AM
Dkt. 31 ORD**

NO. CAAP-22-0000135

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CITY AND COUNTY OF HONOLULU AND HONOLULU BOARD OF WATER SUPPLY, Plaintiffs-Appellees, v. SUNOCO LP; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL OIL PRODUCTS COMPANY; SHELL OIL PRODUCTS COMPANY LLC; BHP GROUP LIMITED; BHP GROUP PLC; BP AMERICA INC.; MARATHON PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; AND DOES 1 through 100, inclusive, Defendants-Appellees, and CHEVRON CORP.; CHEVRON USA INC., Defendants-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV200000380)

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Upon consideration of the **"Motion to Dismiss** Appeal" filed by Plaintiffs-Appellees City and County of Honolulu and Honolulu Board of Water Supply (collectively, **City**) on June 7, 2022, the papers in support and in opposition, and the record, it appears that:

1. On March 16, 2022, Defendants-Appellants Chevron Corporation and Chevron U.S.A., Inc. (collectively, **Chevron**) filed a notice of appeal from the "Order Denying Chevron Defendants' Special Motion to Strike and/or Dismiss the Complaint Pursuant to California's Anti-SLAPP Law" (**Order Denying Anti-SLAPP Motion**) entered by the Circuit Court of the First Circuit on February 15, 2022;

2. City contends that the court lacks jurisdiction over Chevron's appeal because the circuit court has not entered a

final, appealable judgment, and the Order Denying Anti-SLAPP Motion is not independently appealable;

3. Chevron argues that appellate jurisdiction exists because: **(a)** the circuit court certified the Order Denying Anti-SLAPP Motion for interlocutory appeal under Hawaii Revised Statutes (**HRS**) § 641-1(b)(2016); and **(b)** the collateral order doctrine applies;

4. HRS § 641-1(b) applies only "[u]pon application made within the time provided by the rules of court"; Chevron's motion for leave to file an interlocutory appeal addressed only the circuit court's orders entered March 29, 2022, and March 31, 2022; the record does not contain an application by Chevron for certification of the February 15, 2022 Order Denying Anti-SLAPP Motion for interlocutory appeal; thus, the circuit court acted beyond its authority when it <u>sua sponte</u> included the Order Denying Anti-SLAPP Motion in its ruling on Chevron's motion for leave to file an interlocutory appeal and "Order Granting Defendants' Motion for Leave to File an Interlocutory Appeal";

5. A portion of the Order Denying Anti-SLAPP Motion qualifies for appellate review under the collateral order doctrine; Chevron's Anti-SLAPP Motion argued (among other things) that Chevron was immune from suit under California's anti-SLAPP law; the circuit court conclusively determined that Chevron was not entitled to immunity under California's anti-SLAPP law, requiring Chevron to defend against liability; such an order "falls squarely under the collateral order doctrine," <u>Greer v. Baker</u>, 137 Hawaiʻi 249, 254, 369 P.3d 832, 837 (2016);

6. However, the circuit court's conclusion that "it is premature to apply the [<u>Noerr-Pennington</u>] doctrine at this early stage" is not subject to review under the collateral order doctrine, <u>see</u> <u>Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.</u>, 711 F.3d 1136, 1140 (9th Cir. 2013) (holding that "unlike California's anti-SLAPP statute, which is in the nature of an immunity from suit, the <u>Noerr-Pennington</u> doctrine provides only a defense to liability") (cleaned up), or the <u>Forgay</u> doctrine, <u>see</u> <u>Greer</u>, 137 Hawaiʻi at 253, 369 P.2d at 836 (noting that <u>Forgay</u> doctrine authorizes appeal from a judgment for immediate

execution against an interest in real property that is effectively unreviewable on appeal from a final judgment).

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted in part and denied in part as follows:

(1)  The Motion to Dismiss is granted in part; Chevron's appeal from the circuit court's declination to rule on the applicability of the <u>Noerr-Pennington</u> doctrine is dismissed.

(2)  The Motion to Dismiss is denied as to Chevron's appeal from the remainder of the Order Denying Anti-SLAPP Motion.

DATED:  Honolulu, Hawaiʻi, July 22, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge