**Steve THOMAS, Plaintiff–Appellant,**

v.

**FRY'S ELECTRONICS, INC.,
a California Corporation,
Defendant–Appellee.**

No. 03–56306.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2005.*

Filed March 15, 2005.

Scott A. McMillan, The McMillan Law Firm, La Mesa, CA, for the appellant.

James D. Claytor and William H. Curtis, Foley McIntosh Frey & Claytor, Lafayette, CA, for the appellee.

Before: NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

PER CURIAM:

Steve Thomas brings this interlocutory appeal challenging the district court's denial of his anti-Strategic Lawsuit Against Public Purpose[1] ("anti-SLAPP") special motion to strike state law counterclaims brought by Fry's Electronics in Thomas's declaratory relief action. We have jurisdiction pursuant to 28 U.S.C. § 1292(b). The district court ruled that in light of recent Supreme Court authority, California's anti-SLAPP statute is in conflict with the Federal Rules of Civil Procedure and thus is unavailable to litigants in federal court. After reviewing the district court's decision de novo, *see Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), we reverse and remand.

The district court ruled that the Supreme Court's decision in *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), undermines our decision in *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir.1999). In *Lockheed*, we determined that California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Cal. Civ. P.Code § 425.16

Procedure. 190 F.3d at 970–73. *Swier-kiewicz* merely stands for the proposition that federal courts may not impose a heightened pleading requirement in derogation of federal notice pleading rules. It is instructive in the pleading context, but does not support the district court's ruling here. *Swierkiewicz* did not abrogate *Lockheed.*

Because the district court erroneously concluded that the anti-SLAPP statute was unavailable in federal court, it did not reach the merits of Thomas's motion to strike or the motion for attorney's fees and costs. We remand to the district court so that it may rule on these issues.

**REVERSED and REMANDED.**