**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DC COMICS,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>PACIFIC PICTURES CORPORATION; IP WORLDWIDE, LLC; IPW, LLC; MARC TOBEROFF; MARK WARREN PEARY, as personal representative of the Estate of Joseph Shuster; LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel; JEAN ADELE PEAVY,<br>*Defendants-Appellants*. | No. 11-56934<br><br>D.C. No.<br>2:10-cv-03633-ODW-RZ<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted
November 5, 2012—Pasadena, California

Filed January 10, 2013

Before: Stephen Reinhardt and Sidney R. Thomas, Circuit Judges, and John W. Sedwick, District Judge.[*]

Opinion by Judge Reinhardt

## SUMMARY[**]

### Appellate Jurisdiction

The panel held that it had jurisdiction over an interlocutory appeal of an order denying defendants' motion, pursuant to California's anti-SLAPP statute, to strike certain state law claims in an action under the Copyright Act.

The panel concluded that *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), holding that the collateral order doctrine permits a party to take an interlocutory appeal of an order denying an anti-SLAPP motion, remains good law after the Supreme Court's intervening decision in *Mohawk Indus. v. Carpenter*, 130 S. Ct. 599 (2009). The panel distinguished *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795 (9th Cir. 2012), and *Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009), which addressed Oregon and Nevada anti-SLAPP statutes more akin to defenses against liability than immunities from suit. The panel noted that its holding

---

[*] The Honorable John W. Sedwick, Senior United States District Judge for the District of Alaska, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

comported with the conclusions of the First and Fifth Circuits.

## COUNSEL

Marc Toberoff, Keith G. Adams, and Pablo D. Arredondo, Toberoff & Associates, P.C., Malibu, California, for Defendants-Appellants Mark Warren Peary, as personal representative of the Estate of Joseph Shuster; Laura Siegel Larson, individually and as personal representative of the Estate of Joanne Siegel; and Jean Adele Peavy.

Richard B. Kendall (argued) and Laura W. Brill, Kendall Brill & Klieger LLP, Los Angeles, California, for Defendants-Appellants Pacific Pictures Corporation; IP Worldwide, LLC; IPW, LLC; and Marc Toberoff.

Jonathan D. Hacker, O'Melveny & Myers LLP, Washington, D.C.; Daniel M. Petrocelli, Matthew T. Kline (argued), and Cassandra L. Seto, O'Melveny & Myers LLP, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

REINHARDT, Circuit Judge:

This case arises from the district court's denial of defendants' motion, pursuant to California's anti-SLAPP statute, to strike certain of DC Comics' state law claims. In *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), we held that the collateral order doctrine permits a party to take an interlocutory appeal of an order denying such a motion. We

must determine whether our decision in *Batzel* remains good law after the Supreme Court's intervening decision in *Mohawk Industries v. Carpenter*, 130 S. Ct. 599 (2009). For the reasons stated below, we conclude that it does, and therefore that we have jurisdiction over this interlocutory appeal.[1]

## I. BACKGROUND

Jerome Siegel and Joseph Shuster jointly created the character Superman in the mid-1930s, and thereafter began seeking a publisher for comic strips featuring the new superhero. Eventually, Detective Comics, the predecessor of plaintiff DC Comics (collectively, "DC") expressed interest, and, on March 1, 1938, Siegel and Shuster conveyed exclusive rights in Superman to DC in exchange for a flat fee; Siegel and Shuster also were paid for each page of Superman comics that they wrote and illustrated, and that DC published. DC issued the first comic book featuring a Superman story, *Action Comics* No. 1, later that year. Since then, Superman has appeared in comic books, in newspaper strips, on the radio, in television shows, and in numerous successful motion pictures. He is known worldwide for his super-human abilities: "faster than a speeding bullet, more powerful than a locomotive, and able to leap tall buildings in a single bound."

Yet for all of his incredible abilities, and his commitment to creating a more peaceful world,[2] Superman has generated

---

[1] We address the merits of this appeal in a concurrently-filed memorandum disposition.

[2] *See, e.g.*, *Superman IV: The Quest for Peace* (Warner Bros. 1987).

bitter financial disputes and frequent litigation. Siegel, Shuster, and their heirs (including defendants Peary, Larson, and Peavy) have been contesting DC's ownership of various aspects of the Superman copyrights on and off since the 1940s. The current case is one of many stemming from the heirs' efforts, pursuant to the 1976 Copyright Act, to terminate the transfer of copyright to DC and thereby reclaim title to the early Superman works written and illustrated by his co-creators. *See* 17 U.S.C. § 304(c), (d).[3] Ultimately, to assist them in these efforts, the heirs entered into an arrangement with Marc Toberoff, an attorney (also a defendant in this action). Toberoff agreed to represent the heirs, and also, with his companies (additional defendants), to jointly develop future Superman works with them.

In this lawsuit, DC brings claims under California law against the heirs, Toberoff, and his companies for intentional interference with contractual relations, intentional interference with prospective economic advantage, and violation of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. DC also brings various other claims under state and federal law regarding the Shuster heirs' attempts to exercise termination rights pursuant to the 1976 Copyright Act (claims that are not the subject of this appeal). The district court had subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

---

[3] We address interlocutory cross-appeals in another of these cases, *Larson v. Warner Bros. Entertainment, Inc.*, Nos. 11-55863, 11-56034 (relating to the copyright termination notices filed by the Siegel heirs), in a concurrently-filed memorandum disposition.

Defendants filed a motion to strike DC's intentional interference and unfair competition claims pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  The district judge denied the motion, holding that defendants had failed to show that any of DC's claims arose from conduct falling within the protection of the anti-SLAPP statute.  Defendants filed a timely interlocutory appeal of the district judge's order, asserting that this court has jurisdiction pursuant to the collateral order doctrine and our decision in *Batzel*.[4]  DC contests our jurisdiction, contending that *Batzel* is no longer good law.

## II.  DISCUSSION

### A.

Federal appellate jurisdiction is generally limited to review of "final decisions of the district courts of the United States."   28 U.S.C. § 1291.   Under the collateral order doctrine, however, the term "final decisions" encompasses not only "judgments that 'terminate an action,' but also [judgments in] a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'"  *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949)).  The doctrine applies only to decisions "that are [(1)] conclusive, [(2)] that resolve

---

[4] Proceedings continued in the district court on the other claims in this action, relating to the termination notices filed by the Shuster heirs. Subsequent to the filing of this interlocutory appeal, the district judge granted summary judgment to DC on two of those claims.  *DC Comics v. Pacific Pictures Corp.*, No. 10-cv-3633, 2012 WL 4936588 (C.D. Cal. Oct. 17, 2012), *notice of appeal filed*, No. 12-57245 (9th Cir. filed Dec. 11, 2012).

important questions separate from the merits, and [(3)] that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

Here, we are asked whether an order denying a motion to strike made pursuant to California's anti-SLAPP statute meets these criteria. California's legislature enacted the anti-SLAPP statute in order to deter "strategic lawsuit[s] against public participation"—that is, lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). The statute provides for a special motion to strike that is intended to stop such lawsuits early in the litigation process. *Id.* § 425.16(b).[5] To prevail on such a motion, a defendant must show that the suit arises from protected speech or petitioning activities. *In re Episcopal Church Cases*, 198 P.3d 66, 73 (Cal. 2009). If it does, and the plaintiff cannot demonstrate that the lawsuit is "legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited," *Wilson v. Parker, Covert & Chidester*, 50 P.3d 733, 821 (Cal. 2002), then the claims are stricken pursuant to the statute, *Episcopal Church Cases*, 198 P.3d at 73. California statutes specifically permit a defendant in a state court action to take an

---

[5] We have held that such a motion is available against state law claims brought in federal court. *See Thomas v. Fry's Electronics*, 400 F.3d 1206, 1206 (9th Cir. 2005); *accord Henry v. Lake Charles American Press LLC*, 566 F.3d 164, 168–69 (5th Cir. 2009); *Godin v. Schencks*, 629 F.3d 79, 88 (1st Cir. 2010); *but see 3M Co. v. Boulter*, 842 F. Supp. 2d 85 (D.D.C. 2012), *appeal pending*, No. 11-7088 (D.C. Cir. filed Aug. 29, 2011) (motion pursuant to District of Columbia anti-SLAPP statute not available in federal court).

interlocutory appeal from the grant or denial of an anti-SLAPP motion to strike.  Cal. Civ. Proc. Code §§ 426.16(i); 904.1(13).

We held in *Batzel v. Smith* that we have jurisdiction, under the collateral order doctrine, over interlocutory appeals from the denial of a motion to strike made pursuant to California's anti-SLAPP statute.  333 F.3d 1018, 1025–26 (9th Cir. 2003).  We determined that the first two criteria—that the order be conclusive and that it resolve a question separate from the merits—were clearly satisfied.  *Id.* at 1025.  A decision on an anti-SLAPP motion is conclusive as to whether the anti-SLAPP statute requires dismissal of the suit.  Further, we concluded, the denial of that motion resolves a question separate from the merits, as it "merely finds that such merits may exist, without evaluating whether the plaintiff's claim will succeed."  *Id.*

Regarding the third criterion, upon which the parties here concentrate their arguments, we held in *Batzel* that the denial of an anti-SLAPP motion would "effectively be unreviewable on appeal from a final judgment."  *Id.*  That decision was based on two determinations.  First, we held that California's anti-SLAPP statute was in the nature of an immunity from suit, and not simply a defense against liability.  *Id.* at 1025–26.  Our analysis began with the statute itself, which explicitly provides for immediate appeals of the denial of an anti-SLAPP motion.  *Id.* at 1025 (citing Cal. Civ. Proc. Code § 425.16(i)); *see also* Cal. Civ. Proc. Code § 904.1(13).  We quoted from legislative history emphasizing that the

California legislature, in rendering anti-SLAPP motions immediately appealable, "wanted to protect speakers from the trial itself rather than merely from liability":

> Without [the right of immediate appeal], a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated. . . . [W]hen a meritorious anti-SLAPP motion is denied, the defendant, under current law, has only two options. The first is to file a writ of appeal, which is discretionary and rarely granted. The second is to defend the lawsuit. *If the defendant wins [after having been unable to take an immediate appeal], the anti-SLAPP law is useless and has failed to protect the defendant's constitutional rights.*

*Batzel*, 333 F.3d at 1025 (quoting Cal. Sen. Judiciary Comm. Rep. on A.B. 1675, at 4) (all alterations but last in original) (emphasis added). We then held that it was clear that California's anti-SLAPP statute was "in the nature of immunity." *Id*.

Second, we concluded that the denial of an immunity from suit is effectively unreviewable on appeal from a final judgment. We noted that the Supreme Court had held that orders pertaining to immunities created by federal law ought to be immediately appealable via the collateral order doctrine. *Id.* at 1026 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–27 (1985)). We held that that rule should apply equally to immunities created by state law, and therefore that the denial of an anti-SLAPP motion should be immediately appealable

via the collateral order doctrine. *Id.* at 1025–26 (citing *Erie R.R. Co v. Tompkins*, 403 U.S. 64 (1938)).

Subsequently, the Supreme Court addressed the collateral order doctrine in *Mohawk Industries*, in which it held that the doctrine does not permit an interlocutory appeal of a discovery order requiring production of documents over which a party asserts attorney-client privilege. 130 S. Ct. 599, 606 (2009). The Court based its decision on its conclusion that such orders did not satisfy the third criterion, effective unreviewability. It noted that "[courts] routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system," and stated that the correct consideration in determining whether a judgment is effectively unreviewable is whether "delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Id.* at 605–06 (quoting *Will v. Hallock*, 546 U.S. 345, 352–53 (2006)). Only if "deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders" should the order be deemed effectively unreviewable. *Id.* at 606. The Court concluded that, as to discovery orders involving claims of attorney-client privilege, "deferring review until final judgment does not meaningfully reduce the *ex ante* incentives for full and frank consultations between clients and counsel," and thus held that such an order should not be immediately appealable via the collateral order doctrine. *Id.* at 607.

DC here urges us to reconsider our decision in *Batzel*, contending, *inter alia*, that *Mohawk Industries*—and, in particular, its articulation of when an order is effectively

unreviewable—has effectively overruled *Batzel*.[6] Defendants maintain that *Batzel* remains good law, and that we should proceed to the merits of the district judge's decision regarding the anti-SLAPP motion.

**B.**

We affirm the validity of *Batzel*'s holding, and reject the suggestion that the Supreme Court's decision in *Mohawk Industries* has overturned it.

In *Mohawk Industries*, the Supreme Court did not address the first two criteria for applying the collateral order doctrine—that the order be conclusive and resolve a question distinct from the merits.  130 S. Ct. at 606.  Thus, our conclusion in *Batzel* that appeals from the denial of an anti-SLAPP motion satisfy both of these criteria remains intact. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  As to the third criterion, effective unreviewability on appeal from a final judgment, our conclusion in *Batzel* that California's anti-SLAPP statute functions as an immunity from suit, and not merely as a defense against liability, is not affected by the Supreme Court's decision in *Mohawk Industries*.  The statutory text and legislative history we found persuasive in *Batzel* remain equally compelling today, and we are aware of no intervening change in the law that would undermine that conclusion.    DC's challenge to our jurisdiction thus turns on whether the Supreme Court's

---

[6] In cases since *Mohawk Industries*, we have assumed jurisdiction over such interlocutory appeals without addressing whether the Supreme Court's decision affected our holding in *Batzel*.  *See, e.g.*, *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010).

holding in *Mohawk Industries* that our inquiry should focus on whether delaying review "'would imperil a substantial public interest' or 'some particular value of a high order,'" 130 S. Ct. at 605 (quoting *Will*, 546 U.S. at 352–53), has undermined our rule that the denial of an immunity from suit—whether created by state or federal law—is an immediately appealable collateral order.

We conclude that it has not. In cases taking into account the Supreme Court's guidance in *Mohawk Industries*, we have affirmed that an immunity from suit is different than a defense against liability, in that an immunity from suit is "imbued with a significant public interest" that is not always present with regard to a defense against liability. *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 800 (9th Cir. 2012). "[W]hen a policy is embodied in a constitutional or statutory provision entitling a party to immunity from suit (a rare form of protection), there is little room for the judiciary to gainsay its importance." *Id.* (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994)) (internal quotations omitted). Further, unlike a defense against liability, an immunity from suit would be significantly imperiled if we did not permit an immediate appeal, in that it is "effectively lost if a case is erroneously permitted to go to trial." *Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011) (quoting *Mitchell*, 474 U.S. at 526). Accordingly, we have held that whether an immunity created by state law functions "as an immunity from suit or merely a defense from liability" is dispositive in determining whether an immediate appeal of an order denying an immunity should be available. *Id.* (collecting cases from other circuits applying the same distinction).

Applying this rule, we hold that the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available. This is especially so given the particular public interests that the anti-SLAPP statute attempts to vindicate. It would be difficult to find a value of a "high[er] order" than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute. Such constitutional rights deserve particular solicitude within the framework of the collateral order doctrine. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1155–56 (9th Cir. 2010). The California legislature's determination, through its enactment of the anti-SLAPP statute, that such constitutional rights would be imperiled absent a right of interlocutory appeal deserves respect. We must make particular efforts to accommodate the substantive aims of states when, as here, we entertain state law claims as a federal court sitting in diversity. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 436–37 (1996).

Our holding in no way conflicts with our prior holdings addressing the availability of an immediate appeal pursuant to Oregon and Nevada's anti-SLAPP statutes. *See Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795 (9th Cir. 2012) (Nevada); *Englert v. MacDonell*, 551 F.3d 1099 (9th Cir. 2009) (Oregon). As we held in those decisions, the availability of an immediate appeal pursuant to the collateral order doctrine may depend on the particular features of each state's law. *Metabolic Research*, 693 F.3d at 800–01; *Englert*, 551 F.3d at 1106–07. At the time of our prior decisions, the Oregon and Nevada anti-SLAPP statutes were more akin to defenses against liability than immunities from suit, in that they did not provide for any consistent right of

immediate appeal from the denial of an anti-SLAPP motion.[7] These decisions were not inconsistent with *Batzel*, and they are entirely consistent with our holding here.[8]

Further, we note that our holding comports with the conclusions of other circuits to have addressed this issue. The First Circuit has held that an immediate appeal is available from the denial of a motion made pursuant to Maine's anti-SLAPP statute. *Godin v. Schencks*, 629 F.3d 79, 84–85 (1st Cir. 2010). The Fifth Circuit has held similarly with respect to Louisiana's anti-SLAPP statute. *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 178 (5th Cir. 2009).

## III. CONCLUSION

We hold that our decision in *Batzel* remains good law, and that an order denying a motion to strike pursuant to

---

[7] We do not mean to imply that such a right to appeal must have been expressly established by the state legislature in order to create an immunity from suit. *See Liberal*, 632 F.3d at 1075 (relying on an interlocutory appeal not set forth in state statutes, but rather made available judicially through extraordinary writs); *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 178 (5th Cir. 2009).

[8] In any event, *Englert* has been superseded by changes to the underlying statute. Subsequent to our decision, Oregon's anti-SLAPP statute was amended to specifically provide for a right of immediate appeal. Act of June 23, 2009, ch. 449, § 1, 2009 Or. Laws 1194, 1194 (codified at Or. Rev. Stat. § 31.150(1)); *see also id.* § 3, 2009 Or. Laws at 1195 (codified at Or. Stat. § 31.152(4)) (stating that the purpose of the revised anti-SLAPP statute is "to provide a defendant with the right not to proceed to trial in cases in which the plaintiff does not meet the burden specified" by the statute). Thus, the Oregon statute now likely affords immunity from suit, as California's does.

California's anti-SLAPP statute remains immediately appealable pursuant to the collateral order doctrine. We therefore have jurisdiction over this interlocutory appeal, and decide the merits in a memorandum disposition filed concurrently herewith.