Judge PÁEZ,
with whom Chief Judge KOZINSKI joins, concurring:
I concur fully in Judge Wardlaw’s fine opinion. I also join Chief Judge Kozinski’s concurrence because I, too, believe that United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963 (9th Cir.1999), is wrong and should be reconsidered. I agree that California’s anti-SLAPP statute is “quintessentially procedural,” and its application in federal court has created a hybrid, mess that now resembles neither the Federal Rules nor the original state statute.
Yet another reason to reconsider the application of state anti-SLAPP statutes in federal court is that there are significant state-by-state variations within the circuit, despite facial similarities and identical procedural- purposes of each state’s anti- *276 SLAPP statute. Newsham’s holding — although considering only California’s anti-SLAPP statute — has been extended to Oregon’s anti-SLAPP statute and, arguably, sub silentio to Nevada’s as well. See Metabolic Research, Inc. v. Ferrell, 693 F.3d 795, 798-800, 798 n. 4 (9th Cir.2012) (holding that the denial of a motion to strike under Nevada’s anti-SLAPP statute is not an appealable collateral order but not deciding whether “the Nevada anti-SLAPP statute is available to litigants proceeding in federal court”); Gardner v. Martino, 563 F.3d 981, 991 (9th Cir.2009) (holding that Oregon’s anti-SLAPP statute, which requires entry of a judgment of dismissal without prejudice, is applicable in federal court because it “does not directly conflict with the Federal Rules and Oregon’s civil procedure rules”); see also Englert v. MacDonell, 551 F.3d 1099, 1102 (9th Cir. 2009) (dismissing for lack of jurisdiction an appeal from the denial of an Oregon defendant’s special motion to strike because the motion functions like a denial of a motion for summary judgment without deciding whether the Oregon statute would conflict with Federal Rule of Civil Procedure 56(c)), superseded by statute, Act of June 23, 2009, ch. 449, § 1, 2009 Or. Laws 1194, 1194 (codified at Or.Rev.Stat. § 31.150(1)), see also id. § 3, 2009 Or. Laws at 1195 (codified at Or. Stat. § 31.152(4)) (stating that the purpose of the revised anti-SLAPP statute is “to provide a defendant with the right not to proceed to trial in eases in which the plaintiff does 'not meet the burden specified” by the statute).
These differences play out in’ the availability of an appeal under the collateral order doctrine. See DC Comics v. Pac. Pictures Corp., 706 F.3d 1009, 1016 (9th Cir.2013). DC Comics recognized that Nevada’s statute and Oregon’s pre-2010 statute “were more akin to defenses against liability than immunities from suit, in that they did not provide for any consistent right of immediate appeal from the denial of an anti-SLAPP motion.” Id. It is not the mere availability of immediate state appeal provided in the statute that creates the right to appeal under the federal collateral order doctrine, but rather that when “a legislature provide[s] an appeal unique to its anti-SLAPP statute ... -it could be inferred that its purpose was to confer immunity from suit — an immunity which can only be vindicated by permitting an interlocutory appeal.” Englert, 551 F.3d at 1107 (discussing the holding in Batzel v. Smith, 333 F.3d 1018, 1025 (9th Cir.2003) that California’s immediate appeal provision and the statute’s legislative history were instructive in “demonstrating] that California lawmakers wanted to protect speakers from the trial itself rather than merely from liability”). That different state procedures are already interpreted by our case law to create ultimately different federal procedural outcomes — such as the availability of appeal under the collateral order doctrine — is further evidence that it makes no sense to treat state anti-SLAPP statutes as substantive state law under Erie.