**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAIL HARPER,

               Plaintiff - Appellant,

    v.

RYAN LUGBAUER; et al.,

               Defendants - Appellees.

No. 12-15847

D.C. No. 3:11-cv-01306-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

    Gail Harper, an attorney, appeals pro se from the district court's order

granting an anti-SLAPP motion to strike certain state law claims against the City

and County of San Francisco, the San Francisco Police Department, George

Gascon, Carl Tennenbaum, Chad Ertola, and Anna Brown (the "City defendants").

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We dismiss Harper's appeal for lack of appellate jurisdiction.

The district court's order dismissed Harper's claims against some, but not all, defendants in the action, and, therefore, is not an appealable final order. *See Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1024 (9th Cir. 2010) (en banc).

Moreover, this court does not have jurisdiction over Harper's appeal of the district court's order granting the City defendants' anti-SLAPP motion to strike under the collateral order doctrine because the order can be "fully and effectively reviewed after final judgment." *Branson v. City of Los Angeles*, 912 F.2d 334, 335 (9th Cir. 1990) (collateral order doctrine does not apply to order granting immunity to some defendants before trial); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07, 113 (2009) (discussing collateral order doctrine, and reiterating "that the class of collaterally appealable orders must remain narrow and selective in its membership" (citation and internal quotation marks omitted)); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013) (treating California anti-SLAPP motions as a form of immunity from suit).

**DISMISSED.**

12-15847