**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MEDIFAST, INC., a Delaware corporation and SHIRLEY MACDONALD, as personal representative of Bradley MacDonald, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BARRY MINKOW, an individual; et al., <br><br> Defendants - Appellees. | No. 11-55687 <br><br> D.C. No. 3:10-cv-00382-JLS-BGS <br><br> MEMORANDUM[*] |
| MEDIFAST, INC., a Delaware corporation and SHIRLEY MACDONALD, as personal representative of Bradley MacDonald, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> BARRY MINKOW, an individual; et al., <br><br> Defendants, <br><br> And | No. 11-55699 <br><br> D.C. No. 3:10-cv-00382-JLS-BGS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ROBERT L. FITZPATRICK, an
individual,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued March 5, 2013[**]
Submitted March 31, 2014
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District
Judge.[***]

Plaintiffs Medifast, Inc. and Shirley MacDonald appeal the district court's

order granting Defendants (1) Tracy Coenen and Sequence, Inc.'s (collectively,

"Coenen"), and (2) Barry Minkow, Fraud Discovery Institute, Inc. (FDI), William

Lobdell, and iBusiness Reporting's (collectively, "Minkow") respective Motions to

Strike Plaintiffs' complaint under California's anti-SLAPP statute, California Code

of Civil Procedure section 425.16.  Plaintiffs also appeal the district court's order

granting Defendant Robert L. Fitzpatrick's anti-SLAPP motion as to MacDonald's

---

[***]    The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

libel per se cause of action.[1]  Fitzpatrick appeals the district court's denial of his anti-SLAPP motion as to Medifast's libel per se cause of action.  We affirm in part, reverse in part, and vacate in part.[2]

**1.**     We affirm the district court's order granting Defendants' anti-SLAPP motions as to MacDonald.  MacDonald's claims were properly dismissed because the statements at issue do not refer to him.  *See SDV/ACCI, Inc. v. AT & T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008).

**2.**     We vacate the district court's determination that Medifast is not a limited public figure.  In so concluding, the district court relied heavily on the district court's opinion in *Makaeff v. Trump Univ., LLC*, 10-CV-940-IEG(WVG), 2010 WL 3341638 (S.D. Cal. Aug. 23, 2010).  We subsequently reversed *Makaeff*. *See id.*, 715 F.3d 254 (9th Cir. 2013).  We therefore remand this issue to the district court for further consideration in light of our opinion in *Makaeff*.

---

[1]The district court also granted Fitzpatrick's anti-SLAPP motion as to Plaintiffs' causes of action for civil conspiracy to defame, market manipulation, and unfair competition law.  Plaintiffs do not appeal the district court's ruling with respect to these claims.

[2]We have jurisdiction over Plaintiffs' appeal of the district court's order granting Minkow and Coenen's motions and Fitzpatrick's motion as to MacDonald under 28 U.S.C. § 1291.  We have jurisdiction over Fitzpatrick's appeal of the district court's order denying his motion as to Medifast under the collateral order doctrine.  *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1014–15 (9th Cir. 2013).

**3.** As to Fitzpatrick's anti-SLAPP motion, Fitzpatrick's statements that Medifast's TSFL program is an "'endless chain' within the meaning of California Penal Code, Chapter 9[] § 327" are libel per se because they accuse Medifast of operating an illegal enterprise. *See Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1135 (2003). We also conclude that Fitzpatrick's statements are actionable because a "reasonable jury," *Makaeff*, 715 F.3d at 261, could find that the facts underlying the statements are false, *see Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19 (1990); *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1439 (9th Cir. 1995); *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 704–05 (2007). For example, a reasonable jury could find that Fitzpatrick falsely stated that: (1) Medifast requires buying TSFL product to participate in the program; (2) the only feasible means of reaching the upper ranks in the TSFL program is to recruit new coaches; and (3) Medifast pays client assist and client acquisition bonuses merely for recruiting. Accordingly, we affirm the district court's denial of Fitzpatrick's anti-SLAPP motion. However, our affirmance is subject to the district court's determination regarding Medifast's limited public figure status. If the district court determines that Medifast is a limited public figure, it must also determine whether Medifast

-4-

has adduced sufficient evidence to support the conclusion that Fitzpatrick's defamatory statements were made with actual malice. *Makaeff*, 715 F.3d at 261.

**4.** As to Minkow, we affirm in part and reverse in part the district court's order granting Minkow's anti-SLAPP motion. We agree that Medifast has failed to show that Minkow's individual statements were libelous per se. Minkow may, however, be liable for re-publishing Fitzpatrick's statements. On appeal, Minkow asserts (for the first time) that the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c), immunizes him from liability for re-publishing Fitzpatrick's statements. The CDA, however, does not provide immunity to "information content providers." 47 U.S.C. § 230(f)(3). Here, Minkow made statements that indicate he may be "responsible, . . . in part, for the creation or development" of Fitzpatrick's reports. *Id.* For example, in an "Open Letter" to MacDonald defending Fitzpatrick's reports and FDI's publication of those reports, Minkow states: "Were *we* 'false, misleading or without merit' when *we* stated that the foundation of Medifast's recent stock surge . . . Were *we* 'false, misleading or without merit' when *we* stated that the pyramid selling scheme of Medifast . . . .'" Because Minkow failed to raise this defense below, Minkow's developer/creator status does not appear to have been considered by the district court. We therefore

remand to the district court for further consideration of whether Minkow may be held liable for Fitzpatrick's statements.

5.    Finally, we affirm the district court's order granting of Coenen's anti-SLAPP motion.  Coenen's statements were either not libelous per se or were re-publications for which she should be afforded immunity under the CDA.

6.    Appellee Coenen shall recover her costs on appeal.  All the other parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and VACATED in part.**