FILED

**NOT FOR PUBLICATION**

JUL 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

PATIENT ONE, an individual, and
PATIENT TWO, an individual,

          Plaintiffs - Appellants,

  v.

UNITEDHEALTH GROUP, INC., a
Minnesota corporation; UNITED
HEALTHCARE SERVICES, INC., a
Minnesota corporation; UNITED
HEALTHCARE INSURANCE
COMPANY, INC., a Connecticut
corporation; INGENIX, INC., a Delaware
corporation; BNSF RAILWAY
COMPANY, a California corporation;
PACIFIC BELL TELEPHONE
COMPANY, a California corporation

          Defendants - Appellees.

</td><td>

No. 13-57105

D.C. No. 2:13-cv-07369-GAF-
PJW

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Patients One and Two (Patients) appeal the district court's order denying their motion for a mandatory preliminary injunction and dismissing Patient Two for misjoinder under Rule 20 of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) to review the denial of a preliminary injunction, and we review for abuse of discretion. *See Toyo Tire Holdings of Americas Inc. v. Continental Tire N. Am., Inc.*, 609 F.3d 975, 979 (9th Cir. 2010). We lack jurisdiction to review the district court's order of dismissal for misjoinder, a non-final order.

1.      The district court did not abuse its discretion in denying the requested mandatory preliminary injunction. Mandatory preliminary injunctions are highly disfavored and require a showing of an injury that cannot be compensated for in money damages. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). Patients failed to meet this requirement, given that the injuries of which they complain are essentially economic in nature and could be cured by an award of money damages. *See id.*

2.      We only have jurisdiction to review final decisions. *See* 28 U.S.C. § 1291; *see also DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1012 (9th Cir.

2013).  The collateral order doctrine permits review of some orders as if they were final decisions, where, *inter alia*, the order is effectively unreviewable on appeal from a final judgment in the underlying action.  *See DC Comics*, 706 F.3d at 1013.  Because an order of dismissal for misjoinder is reviewable on appeal from final judgment, *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (reviewing the district court's Rule 20 determination on appeal from final judgment), it does not qualify as final under the collateral order doctrine.

**AFFIRMED in part, DISMISSED in part**.