NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| P6 LA MF HOLDINGS SPE, LLC, a limited liability company; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> NEIL SHEKHTER, as an individual and as Trustee of The NMS Family Living Trust dated September 3, 1991; et al., <br><br> Defendants-Appellants. | No. 17-55924 <br><br> D.C. No. 2:17-cv-00616-RGK-SS <br><br> MEMORANDUM* <br> and <br> ORDER |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before: GRABER, WARDLAW, and CHRISTEN, Circuit Judges.

Neil Shekhter, Margot Shekhter, NMS Properties, Inc., and NMS Capital

Partners I, LLC (collectively NMS) appeal the district court's denial of their

special motion to strike under California Civil Procedure Code § 425.16 (the anti-

SLAPP statute). NMS sought to strike tortious interference and slander of title

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims brought by P6 LA MF Holdings SPE, LLC, *et. al.* (collectively AEW). AEW's complaint alleges several claims against NMS based on a series of letters NMS sent to dozens of third parties informing them of the dispute surrounding their Joint Venture Agreement (JVA) and in some cases, threatening litigation. NMS argues that AEW's claims are based on a related litigation regarding whether NMS forged two versions of the JVA. We review de novo a district court's denial of a special motion to strike under California's anti-SLAPP statute. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011). We affirm.[1]

1.      AEW contends that we lack jurisdiction to review NMS's interlocutory appeal. We disagree. Under the collateral order doctrine, we have jurisdiction to review the denial of a motion to strike made pursuant to California's anti-SLAPP statute. *See DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013); *see also Batzel v. Smith*, 333 F.3d 1018, 1024–25 (9th Cir. 2003) (stating standards for immediately appealable orders). AEW's argument that we lack jurisdiction because our decision will resolve questions "necessarily intertwined" with the merits of its federal RICO claim is foreclosed by *Batzel. Id.* at 1025 ("Denial of an anti-SLAPP motion resolves a question separate from the merits in that it merely finds that such merits may exist, without evaluating whether the plaintiff's claim will succeed.").

---

[1] NMS's motion for judicial notice, Dkt. No. 43, is **GRANTED.**

2

2.     Turning to the denial of the special motion to strike, the district court correctly concluded that AEW's interference and slander claims were not barred by California's anti-SLAPP statute. California's litigation privilege applies "to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that has some connection or logical relation to the action." *Action Apartment Ass'n v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007) (internal quotation marks and brackets omitted). But the privilege applies to pre-litigation communications only when they "relate[] to litigation that is contemplated in good faith and under serious consideration." *Id.* at 1251. "[C]ontemplated in good faith" refers to "a good faith intention to bring a suit," not "a good faith belief in the[] truth" of the publication.[2] *Id.*

NMS failed to submit any declarations supporting an honest belief that they had a viable legal claim or that they were "seriously contemplating litigation"

---

[2] NMS argues that these letters should be viewed as letters related to ongoing litigation, rather than pre-litigation letters, and therefore NMS is required to show only that the letters had "some connection with the proceedings." *Thornton v. Rhoden*, 53 Cal. Rptr. 706, 713 (Ct. App. 1966). However, statements to third parties can be privileged only if they are addressed to parties with a "substantial interest" in the proceedings. *Costa v. Superior Court*, 204 Cal. Rptr. 1, 4 (Ct. App. 1984). Here, NMS sent thousands of letters to different categories of individuals who were not parties to the litigation. For example, NMS sent letters to every major title insurer in the United States. NMS has failed to show how these individuals had any interest in NMS and AEW's business dispute. Thus, even if the ongoing litigation standard applied, NMS's claim would still fail.

3

against the potential buyers, title insurers, and lenders to whom they sent communications. *Aronson v. Kinsella*, 68 Cal. Rptr. 2d 305, 314–16 (Ct. App. 1997). As the district court correctly concluded, "filing one lawsuit is not sufficient to show that NMS in fact contemplated litigation in good faith and under serious consideration for every letter it sent."

The district court properly applied California's anti-SLAPP law. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820 (2011). First, the district court correctly concluded that there was a legitimate issue as to whether NMS's letters arose from constitutionally protected activity, since the communications were allegedly based on a forged version of the JVA, and the litigation privilege does not apply where a defendant's "assertedly protected activity is illegal as a matter of law." *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 423 (2016) (internal quotation marks omitted). Second, the district court correctly found that AEW's claims had at least minimal merit. AEW's interference and slander claims were found to be properly pleaded, and the district court was unable to "determine that none of the letters were sent [by NMS] as 'hollow threats of litigation.'" Given the legitimate issue as to whether NMS's communications were constitutionally protected, and AEW's showing that its claims had at least minimal merit, the district court's denial of NMS's anti-SLAPP motion was proper.

For the foregoing reasons, we affirm the district court's denial of NMS's

4

anti-SLAPP motion to strike. [3]

**AFFIRMED.**

---

[3] Because we find that NMS failed to show that the letters were protected by California's litigation privilege, we need not reach the remainder of NMS's and AEW's arguments.