**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENT SALVESON, | No.   22-55472 |
| Plaintiff-Appellee, | D.C. No. 8:22-cv-00310-CJC-ADS |
| v. | |
| HAL ROSS KESSLER, Esquire, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 16, 2023
Pasadena, California

Before:  BRESS and MENDOZA, Circuit Judges, and ERICKSEN,** District
Judge.
Concurrence by Judge BRESS.

Kent Salveson brought this suit against his former lawyer, Hal Kessler, for
statements that Kessler made to *Variety* magazine about Kessler's prior
representation of Salveson and Salveson's business dealings.  Salveson brought

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

claims for breaches of fiduciary duty and confidentiality and invasion of privacy. Kessler now appeals the district court's order denying his motion to strike under California's anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.16(b)(1). We have jurisdiction under the collateral order doctrine. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832 (9th Cir. 2018), *as amended*, 897 F.3d 1224 (9th Cir. 2018); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1016 (9th Cir. 2013). Our review is de novo. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1154–55 (9th Cir. 2021). We affirm.

California's anti-SLAPP statute allows defendants to move to strike a complaint that "aris[es] from" protected speech "in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1); *see also id.* § 425.16(e)(3)–(4) (protected acts must be "in connection with" a public issue or issue of public interest). This inquiry proceeds in two steps.

First, a defendant must "make a prima facie showing that the plaintiff's suit arises from" protected speech. *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017). The defendant must also establish "some degree of closeness between the challenged statements and the asserted public interest" by showing that the challenged statements "contribute to the public debate."

*FilmOn.com Inc. v. DoubleVerify Inc.*, 439 P.3d 1156, 1165–66 (Cal. 2019) (quotation omitted). A mere "fleeting or tangential" connection is insufficient. *Rand Res., LLC v. City of Carson*, 433 P.3d 899, 909 (Cal. 2019). California law instructs that "[w]hat a court scrutinizing the nature of speech in the anti-SLAPP context must focus on is the speech at hand, rather than the prospects that such speech may conceivably have indirect consequences for an issue of public concern." *Id.*

Second, if the defendant has shown protected speech in connection with a public issue, the plaintiff then has the burden of establishing a "reasonable probability" of prevailing on the claims. *Herring*, 8 F.4th at 1155 (quoting *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013)). At this point, the district court can dismiss the complaint if it finds that there is no reasonable probability that the plaintiff will prevail as a matter of law, using a Federal Rule of Civil Procedure 12(b)(6) standard, or due to factual insufficiency, using the Rule 56 standard. *See Planned Parenthood*, 890 F.3d at 834–35.

In this case, the district court correctly determined that Kessler's anti-SLAPP motion failed at the first step of the analysis because Salveson's claims did not arise from Kessler's protected activity undertaken "in connection with" a public issue. The only public issue that Kessler identified in his anti-SLAPP motion before the district court was the October 2021 shooting on the set of the movie *Rust*, for which Salveson's daughter was an executive producer. But none of the challenged

3

statements by Kessler in the *Variety* article connected Salveson to the *Rust* shooting. Nor does Kessler show a sufficient connection between the challenged statements and any other issue of public interest. Even assuming a lawyer could properly assert an anti-SLAPP defense in a suit alleging breach of client confidences, *see Castleman v. Sagaser*, 156 Cal. Rptr. 3d 492, 498–99 (Ct. App. 2013), Kessler has not demonstrated that Salveson's business dealings, tax practices, or Kessler's prior representation of Salveson are matters of public interest within the meaning of the anti-SLAPP law. *See Weinberg v. Feisel*, 2 Cal. Rptr. 3d 385, 392 (Ct. App. 2003) (explaining that under the anti-SLAPP statute, "the focus of the speaker's conduct should be the public interest rather than a mere effort to gather ammunition for another round of private controversy") (quotations and brackets omitted).

Because the district court correctly found that Kessler failed to make a prima facie showing that he engaged in protected speech "in connection with" a public issue, the district court did not err in denying the anti-SLAPP motion. The district court was therefore not required to evaluate Salveson's likelihood of success on his claims. To the extent Kessler argues that greater factual development was needed before the district court ruled on the anti-SLAPP motion, the argument is without merit because the record was sufficient.

**AFFIRMED.**

4

*Salveson v. Kessler*, 22-55472

Bress, Circuit Judge, concurring.

This case is the latest example of why we should question whether we have jurisdiction under the collateral order doctrine over an interlocutory appeal of the denial of an anti-SLAPP motion. *See Flo & Eddie, Inc. v. Pandora Media, LLC*, 2022 WL 1800780, at \*4 (9th Cir. June 2, 2022) (Bress, J., concurring) ("I believe our case law allowing interlocutory appeals of the denial of anti-SLAPP motions warrants broader reexamination."); *see also Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1190–92 (9th Cir. 2013) (Watford, J., dissenting from the denial of rehearing en banc); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828 (9th Cir.) (Gould, J., concurring), *as amended*, 897 F.3d 1224 (9th Cir. 2018).

The complaint in this case was filed in February 2022. The district court denied the defendant's anti-SLAPP motion in April 2022, and the case has been stayed in the district court pending resolution of this interlocutory appeal. This piecemeal appeal, which our precedents unjustifiably allow, has resulted in a totally meritless anti-SLAPP motion delaying this litigation by nearly a year. That is neither sound as a matter of law nor sensible as a matter of litigation management.